**Darlene BOOHER and Larry Booher, her husband, Appellants,**

**v.**

**James OLCZAK, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 4, 2001.

Filed April 12, 2002.

Shelly M. Snoddy, Uniontown, for appellants.

Leo M. Stepanian, Butler, for appellee.

Before HUDOCK, MUSMANNO and TODD, JJ.

HUDOCK, J.

¶ 1 This is an appeal from an order granting judgment on the pleadings on the grounds that the claims of Darlene and Larry Booher (the Boohers) were barred by the statute of limitations. We affirm.

¶ 2 On March 6, 1998, Darlene Booher was driving on Route 356 in Butler County. Mrs. Booher halted her car when the vehicle in front of her stopped to make a left turn. James Olczak (Olczak) was traveling behind Mrs. Booher's car and allegedly ran into the rear bumper of her car, resulting in injuries to Mrs. Booher.

¶ 3 On Friday, March 3, 2000, counsel for the Boohers allegedly mailed a praecipe for a writ of summons to the prothonotary's office of Westmoreland County. The Boohers sought damages for the physical injuries to Mrs. Booher, lost wages due to her injuries, and also damages for loss of consortium. The Boohers' counsel kept no proof of the date when the document was mailed. However, counsel indicates that the cover letter and enclosed check were dated March 3, 2000, and claims it was mailed that day. A clerk at the prothonotary's office time stamped the filing on March 10, 2000.

¶ 4 Olczak filed preliminary objections on May 25, 2000, alleging improper venue. The case was transferred to Butler County on the stipulation of both parties. Olczak then filed an answer to the Boohers' complaint, alleging in new matter that the Boohers' claims should be barred due to the two-year statute of limitations on causes of action for injury to the person set forth in 42 Pa.C.S.A. section 5524. Olczak later filed a motion for judgment on the pleadings on this basis. The trial court heard oral argument on the motion. On February 22, 2001, the trial judge granted Olczak's motion for judgment on the pleadings, ruling that the suit had not been commenced within the two-year period required by the statute of limitations and was therefore time barred. This order was entered on February 23, 2001.

¶ 5 The Boohers filed a motion to open the judgment on February 23, 2001, and also filed an appeal with this Court. On April 9, 2001, the Boohers complied with the trial court's order to file a concise statement of matters on appeal. The trial court denied their motion and transferred the record to this Court.

¶ 6 Olczak subsequently filed a motion to quash the appeal on the grounds that the Boohers' brief violates the Rules of Appellate Procedure. Specifically, he contends that the Boohers violated Pa. R.A.P. 2111(b) and 2175(b) by failing to attach a copy of the trial court's memorandum opinion or a copy of the docket entries from the lower courts. This Court may quash an appeal pursuant to Rule of Appellate Procedure 2101 if defects in the brief or reproduced record are substantial. In appropriate cases involving failure to comply with the Rules of Appellate Procedure, we will not hesitate to impose sanctions, including dismissing or quashing an appeal. *Rosselli v. Rosselli*, 750 A.2d 355, 359 (Pa.Super.2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000). We find that the Boohers' brief violates the Rules of Appellate Procedure by failing to include a copy of the trial court's memorandum opinion. However, their violation of the rules in this case does not prevent this Court from determining the merits of the issues raised. We note that both the trial court's opinion and list of docket entries are contained within the certified record. Thus, Olczak's motion to quash this appeal is denied.[1]

¶ 7 The Boohers raise the following issues for our review:

I. Have [the Boohers] complied with the applicable Statute of Limitations under 42 Pa.C.S.A. 5524(a) [sic]?

---

1. We do not condone the failure to comply with the rules, however, and caution counsel that such violations in the future could result in the quashal of the appeal.

II. If [the Boohers'] filing of the Writ of Summons is to be considered not within the Statute of Limitations, [has Olczak] been prejudiced to support a Judgment on the Pleadings?

The Boohers' Brief at 2. These issues have been preserved properly for our review.

Entry of judgment on the pleadings is permitted under [Pennsylvania Rule of Civil Procedure 1034] which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. The scope of review on an appeal from the grant of judgment on the pleadings is plenary. We must determine if the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

*Kelaco v. Davis & McKean,* 743 A.2d 525, 528 (Pa.Super.1999).

■■■ ¶ 8 The Boohers' first contention is that they have complied with the statute of limitations. An action to recover damages for injuries to the person caused by the wrongful act, neglect or negligence of another must be commenced within two years. 42 Pa.C.S.A. § 5524(2). Once the prescribed statutory period for commencing a cause of action has expired, the complaining party is barred from bringing suit. *Baumgart v. Keene Bldg. Prod. Corp.,* 542 Pa. 194, 199, 666 A.2d 238, 240 (1995). Lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations. *Id.* at 200, 666 A.2d at 240. The defense of statute of limitations is not a technical defense but substantial and meritorious. *Gravinese v. Johns–Manville Corporation,* 324 Pa.Super. 432, 471 A.2d 1233, 1237 (1984). "Mere delay, extended to the limit prescribed, is itself a conclusive bar." *Id.* There is a strong policy in Pennsylvania courts favoring the strict application of statutes of limitation. *Kingston Coal Co. v. Felton Min. Co.,* 456 Pa.Super. 270, 690 A.2d 284, 288 (1997). It is the duty of a party asserting a cause of action to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. *Id.* An action may be commenced by filing either a praecipe for a writ of summons or a complaint with the prothonotary. Pa.R.C.P. 1007.

■■■ ¶ 9 The trial court correctly concluded that the Boohers did not comply with the statute of limitations. The accident in question occurred on March 6, 1998. Thus, the Boohers' two-year period in which to file suit ended on Monday, March 6, 2000. Despite their allegation that counsel mailed a praecipe for a writ of summons on Friday, March 3, the document was not filed until March 10, 2000, the date stamped on the document by the Westmoreland County Prothonotary's Office. The Boohers cite no authority for the proposition that the mailing of a praecipe for a writ of summons by counsel for a litigant who is not incarcerated tolls the statute of limitations on the day it is mailed, nor has our research revealed any such cases. This suit was filed after the statute of limitations period ran, and the Boohers' claims are time barred. The Boohers argue that this is a case of excusable neglect since "[c]ounsel had no control of the mail or the Westmoreland County Prothonotary's Office." The Boohers' Brief, at 11. We cannot agree that this

provides an excuse sufficient to toll the running of the statute of limitations. This Court recently declined to create a new exception to the statute of limitations based on non-negligent circumstances. *See Mosley v. Settles,* 779 A.2d 1208 (Pa.Super.2001) (statute of limitations was not tolled when counsel for plaintiff filed praecipe for a writ of summons one day beyond the expiration of the limitations period due to counsel's incapacitation as a result of back surgery).

¶ 10 The Boohers also argue that even if the filing of the praecipe for a writ of summons took place after the statute of limitations had run, Olczak had to show prejudice to support a judgment on the pleadings. This contention is without merit. As noted earlier, a motion for judgment on the pleadings may be granted pursuant to Pennsylvania Rule of Civil Procedure 1034 when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Kelaco, supra.* The trial court correctly concluded the Boohers' suit was time barred, and judgment on the pleadings was, therefore, appropriate. Prejudice is not an element that the moving party is required to prove in order to support a motion for judgment on the pleadings. Additionally, we note that having to defend against a time barred claim is prejudicial to a defendant. The statute of limitations requires individuals to bring their claims within a certain time of the injury so that the passage of time does not damage a defendant's ability to defend against those claims. *Dalrymple v. Brown,* 549 Pa. 217, 223, 701 A.2d 164, 167 (1997). *See also Cunningham v. Insurance Company of North America,* 515 Pa. 486, 491, 530 A.2d 407, 409 (1987), *cert. denied,* 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (1988) (the public policy underlying statutes of limitation is that defendants should be protected against the prejudice of having to defend against stale claims).

¶ 11 Motion to quash denied. Order affirmed.