## Wynn v. Zamper

C.P. of Lehigh County, no. 2003-C-104.

*John W. Nails,* for plaintiff.
*Dennis J. Morello,* for defendant.

BLACK, *J.,* June 9, 2003—This matter comes before the court on the defendant's motion for judgment on the pleadings, alleging that the plaintiff's personal injury claim is barred by the two-year statute of limitations at 42 Pa.C.S. §5524. For the reasons set forth below, the defendant's motion must be granted.

## FACTUAL AND PROCEDURAL HISTORY

The plaintiff was injured on January 13, 2001, when his vehicle was struck by a vehicle operated by the defendant. The plaintiff's complaint was filed on January 14, 2003. The defendant filed an answer to the complaint asserting the statute of limitations as a defense. The plaintiff's reply to new matter denied generally that the statute of limitations had expired, but alleged no facts to support the tolling of the statute for any reason.

The defendant has now moved for judgment on the pleadings on the ground that the suit is time-barred. The plaintiff's response to this motion includes numerous factual averments not of record. Technically, we could ignore these factual averments because they have not been pled. However, if we were to grant the defendant's motion under these circumstances, we would allow the plaintiff leave to amend his reply to new matter to incorporate these averments. The case would then come back before us on the defendant's motion for summary judgment. Rather than delay the matter in this fashion, we have for purposes of this motion treated the factual averments in the plaintiff's response as part of the plaintiff's reply to new matter. Hence, the pertinent facts are as follows:

Promptly after the accident of January 13, 2001, the plaintiff notified the defendant and his automobile insurance carrier, Allstate Insurance Company, of the pendency of the plaintiff's claim. At that time the Allstate adjuster informed plaintiff's counsel of Allstate's intent to resolve the matter without the need for litigation. On June 13, 2002, the Allstate adjuster notified plaintiff's

counsel by letter that Allstate was still waiting for a medical specials package and a demand from him. Plaintiff's counsel eventually furnished this information to the Allstate adjuster in October 2002.

On October 16, 2002, Allstate's adjuster notified plaintiff's counsel by letter that Allstate was still awaiting an authorization from him to obtain MRI films of the plaintiff, which plaintiff's counsel had agreed to furnish, so that the films could be read by an independent radiologist. A second request for such an authorization was made by letter dated November 21, 2002. In her November 21, 2002 letter, Allstate's adjuster informed plaintiff's counsel that she could not go forward with the case without such an authorization.

On November 27, 2002, the authorization having been received, Allstate's adjuster notified plaintiff's counsel by letter that the MRI films had been requested but had not yet been received. Her letter indicated the name of the doctor who would be reading the films for Allstate, and closed, "I will be in touch with you once I receive the report and will fax you a copy." On December 10, 2002, Allstate's adjuster advised plaintiff's counsel that she was still awaiting the radiologist's report and indicated, "We anticipate that this matter will be resolved in 30 days or sooner."

On January 7, 2003, the Allstate adjuster forwarded to plaintiff's counsel a copy of the film review and stated in her forwarding letter:

"I am evaluating this case today. I am out of the office tomorrow for a pretrial conference but will call you on Thursday with a settlement offer. If you cannot resolve

this case then I would suggest that you file a summons to toll the statute as I cannot give you an extension with respect to keeping this file open without the proper court filings."[1]

On January 9, 2003, the Allstate adjuster called plaintiff's counsel and made an offer to settle this case for $9,000. Plaintiff's counsel rejected this offer. That same day, a Thursday, he mailed the complaint in this action to the office of the prothonotary of Lehigh County for filing. The complaint was received by the clerk of courts, Civil Division,[2] and filed on Tuesday, January 14, 2003.

## DISCUSSION

Clearly, the complaint in this case was filed more than two years after the date of the accident. The accident occurred on January 13, 2001, and the complaint was not filed until January 14, 2003. Thus, the complaint was filed after the expiration of the applicable statute of limitations and is time-barred. 42 Pa.C.S. §5524; *Baumgart v. Keene Building Products Corp.*, 542 Pa. 194, 199, 666 A.2d 238, 240 (1995).

The plaintiff argues that the complaint should be treated as filed on the date when it was placed in the mail, *i.e.*, January 9, 2003. However, the Superior Court rejected such an argument recently in *Booher v. Olczak,* 797 A.2d 342 (Pa. Super. 2002). In *Booher* the accident had oc-

1. Plaintiff's answer and new matter in response to defendant's motion for judgment on the pleadings, *Letter dated January 7, 2003, from Kathleen Cunnane to John W. Nails, Esq.,* exhibit "I."

2. In Lehigh County the duties of a prothonotary are performed by the clerk of courts.

curred on March 6, 1998. Plaintiff's counsel mailed a praecipe for writ of summons to the prothonotary's office for filing on March 3, 2000. A clerk at the prothonotary's office time-stamped the filing on March 10, 2000. The court held that the actual filing date was March 10, 2000, the date it was received in the prothonotary's office. Therefore, the plaintiff's claim was barred by the statute of limitations, which had expired on March 6, 2000, two years after the accident.

In *Griffin v. Central Sprinkler Corp.,* 2003 Pa. Super. 160 (April 25, 2003), the Superior Court noted that "under the rules of civil procedure a document is filed when it arrives at the prothonotary's office, regardless of the date the document is time-stamped." *Id.* at 29. In *Griffin,* the court found that there was enough evidence in the record to create an issue of fact as to whether the prothonotary actually received the praecipe prior to the expiration of the statute of limitations. The record included (a) an affidavit from a paralegal of plaintiff's counsel stating that she deposited the praecipe in the mail six days before it was due, and (b) the deposition of the deputy prothonotary stating that his office was "backed up" during the time period contested so that the praecipe could have been received prior to the time it was docketed.

In the instant case the plaintiff produced a mailing receipt indicating that the praecipe was mailed on Thursday, January 9, 2003, five days (three business days) before the statute of limitations expired. However, the praecipe itself was timed-stamped at 2:21 o'clock p.m. by the Lehigh County Clerk on January 14, 2003, the day after the statute of limitations had expired. Unlike

the situation in *Griffin,* the plaintiff here does not claim that the praecipe was received by the clerk's office prior to January 14, 2003. Therefore, even assuming the accuracy of plaintiff's averments, we have no alternative but to find that the date of filing in this case was January 14, 2003.

Plaintiff's counsel could have filed the complaint in person or through a member of his staff, or he could have used an overnight delivery service. Instead he selected the United States regular mail as the mode of delivery. He should have understood that it might take more than three business days for the praecipe to arrive. He took the risk that the praecipe might not reach the clerk's office in time.

The rule set forth in *Booher* and *Griffin* that the date of filing is the date a document is *received* by the clerk or prothonotary is an important rule. If we were instead to rely on the date of mailing, substantial uncertainty would be introduced regarding the filing date of a document. A party could always argue that he placed the document in the mail long before it was actually received, thus creating an issue of fact in matters where the timeliness of a filing is crucial. The better approach is the approach taken in *Booher* and *Griffin* that the filing date is the date of actual receipt, regardless of the date the document was mailed.

The plaintiff also argues that the defendant and his insurance carrier were not prejudiced by the delay because they were well aware of the plaintiff's claim since shortly after the accident. However, lack of prejudice by the defendant is not a basis for disregarding the statute

of limitations. This argument was explicitly rejected in *Booher*, where the Superior Court held that proof of prejudice is not required in order to support a motion for judgment on the pleadings on the ground that the action is time-barred.

The plaintiff also asks us to find that the statute of limitations was tolled by the actions of the Allstate adjuster in expressing an interest in settlement of the case and specifically by the adjuster's letter of January 7, 2003, requesting that he delay suit until January 9, 2003, when she would be making an offer of settlement. However, the adjuster coupled her request with this explicit statement:

"If you cannot resolve this case then I would suggest that you file a summons to toll the statute as *I cannot give you an extension with respect to keeping this file open without the proper court filings.*"[3] (emphasis added)

In view of this letter, plaintiff's counsel cannot reasonably claim that he was lulled into believing that the defendant would waive the statute of limitations. Where settlement negotiations are coupled with an explicit statement that the negotiator is without authority to extend the statute of limitations, the negotiations cannot be relied on as a basis for extending the limitations period. The plaintiff has not set forth any facts that would constitute fraud or would establish an estoppel. Cf. *Schaffer v. Larzelere*, 410 Pa. 402, 189 A.2d 267 (1963) (plaintiff permitted to proceed with wrongful death action after statute of limitations had run because defendants concealed facts surrounding decedent's death). Any reason-

---

3. See note 1, *supra.*

able person reading the adjuster's letter of January 7, 2003, would realize that he must comply with the applicable statute of limitations.

For these reasons, the defendant's motion for judgment on the pleadings must be granted. We have given the plaintiff the benefit of assuming that the facts alleged in his response to the motion for judgment were included in his reply to new matter. Nevertheless, even with the inclusion of these additional averments, and assuming the truth of these averments, we must conclude that this case is time-barred. As the court stated in *Booher,* "Once the prescribed statutory period for commencing a cause of action has expired, the complaining party is barred from bringing suit." *Booher, supra* at 345; see also, *Baumgart v. Keene Bldg. Prod. Corp., supra* at 199, 666 A.2d at 240. In this case the plaintiff did not commence this case within the prescribed statutory period of two years. Hence this action is time-barred.

### ORDER

Now, June 9, 2003, upon consideration of the defendant's motion for judgment on the pleadings and plaintiff's response thereto, after oral argument and for the reasons set forth in the accompanying opinion, it is ordered that the defendant's motion is granted, and judgment is entered in favor of the defendant against the plaintiff.