**Tertyshnaya v. Standard Security Life Insurance Co. of N.Y.**

C.P. of Philadelphia County, May Term, No. 3803

*Robert A. Klein,* for plaintiffs.

*Raymond J. Santarelli* and *Conlin O'Boyle,* for defendants HCC Holdings, Inc., HCC Specialty Underwriters Inc. and Standard Security Life Insurance Co.

SNITE, *J.,* January 16, 2014—This action was commenced on May 27, 2010 by the filing of a complaint. On August 19, 2013 defendants Standard Security

Life Insurance Company of New York, HCC Specialty Underwriters, Inc., and American Specialty Underwriters, Inc. filed a motion for summary judgment asking the court to enter judgment in their favor. By order and opinion dated December 13, 2013, docketed December 16, 2013, this court granted defendants' motion for summary judgment.

The December 13, 2013 order had the effect of fully disposing of the case.

On January 14, 2014 plaintiff Polina Tertyshnaya, individually and on behalf of her minor son Alexander Tertyshny, appealed the order and opinion of December 13, 2013.

The court did not order appellant to file a concise statement of errors complained of on appeal.

## DISCUSSION

This court adopts, as its opinion on appeal, the order and opinion dated December 13, 2013, which sets forth this court's reasoning. This order and opinion are attached. The court asks that the December 13, 2013 order and opinion be affirmed.

## CONCLUSION

For the aforementioned reasons, appellants' claims are without merit. Accordingly, this appeal should be denied.

## ORDER

And now, this 13th day of December, 2013, upon consideration of defendants Standard Security Life Insurance Company of New York, HCC Specialty Underwriters, Inc., and American Specialty Underwriters, Inc.'s motion for summary judgment on all claims

because all claims are Barred by the statute of limitations, and plaintiff's response in opposition thereto, it is hereby ordered that said motion is granted.

## OPINION

Before the court is defendants Standard Security Life Insurance Company of New York, HCC Specialty Underwriters, Inc., and American Specialty Underwriters, Inc.'s motion for summary judgment and plaintiff's response in opposition thereto.

## PROCEDURAL HISTORY

This action was commenced by the filing of a four count complaint against Standard Security Life Insurance Company of New York, HCC Specialty Underwriters, Inc., HCC Insurance Holdings, Inc.[1], and American Specially Underwriters, Inc. (collectively herein "insurance defendants") on May 27, 2010. The complaint was composed of count I (declaratory relief), count II (breach of contract), count III (quantum meruit/unjust enrichment), and count IV (bad faith).

On December 20, 2010, this case was transferred into the commerce program.

On December 20, 2010 plaintiff filed a seven count amended complaint. The amended complaint was composed of count I (declaratory relief), count II (breach of contract), count III (quantum meruit/unjust enrichment), count IV (bad faith), count V (violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law), count VI (fraudulent misrepresentation), and count VII

---

1. By stipulation of the parties dated May 23, 2011 this defendant was dismissed.

(negligent misrepresentation).

On January 10, 2011 insurance defendants filed preliminary objections to plaintiff's amended complaint.[2] On January 31, 2011 plaintiff filed preliminary objections to insurance defendants' preliminary objections[3] as well as a response to insurance defendants' preliminary objections. On February 22, 2011 insurance defendants filed a response to plaintiff's preliminary objections to their preliminary objections.

On March 14, 2011, Judge Bernstein overruled plaintiffs preliminary objections to insurance defendants' preliminary objections. On December 12, 2011 insurance defendants' preliminary objections were overruled in part ultimately dismissing counts VI (fraudulent misrepresentation) and VII (negligent misrepresentation) and striking plaintiff's request for attorney's fees. Thus, the causes of action against insurance defendants remained: count I (declaratory relief), count II (breach of contract), count III (quantum meruit/unjust enrichment), count IV (bad faith), and count V (violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law).

On May 18, 2012, insurance defendants filed their answer to plaintiff's amended complaint with new matter. On June 6, 2012 plaintiff filed a response to insurance defendants' new matter.

On September 3, 2012 plaintiff filed a motion for leave to amend the amended complaint and to join additional defendants, insurance defendants filed an answer to the motion to amend on September 24, 2012. By order dated

---

2. Control number 11011168.
3. Control number 11020005.

November 5, 2012 Judge Snite granted plaintiff's motion for leave to amend the amended complaint and to join additional defendants.

Plaintiff's second amended complaint added as defendants Michael S. Chaut ("Chaut"), Michael Chaut & Associates ("MCA"), Jay M. Grossman ("Grossman"), and the Puck Agency, LLC. The second amended complaint was composed of count I (declaratory relief), count II (breach of contract), count III (quantum meruit/unjust enrichment), count IV against Standard Security Life, American Security Underwriters, and HCC Specialty Underwriters (bad faith), count V (violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law), count VI (fraudulent misrepresentation), count VII (negligent misrepresentation), count VIII (negligence), and count IX against Chaut, MCA, Grossman, and the Puck Agency (breach of contract). On December 7, 2012 defendants filed an answer to plaintiff's second amended complaint with new matter. On February 19, 2013 plaintiff filed an answer to defendants' new matter.

On December 21, 2012 defendants Chant and MCA advised the prothonotary that the case was removed to the Eastern District of Pennsylvania on December 19, 2012. On January 31, 2013 the case was remanded back to the court of common pleas for Philadelphia County.

On April 3, 2013 insurance defendants filed a motion for judgment on the pleadings[4] based on the statute of limitations, the same issue before this court on the instant motion for summary judgment. On April 24, 2013 plaintiff filed an answer to insurance defendants' motion

---

4. Control number 13040799.

for judgment on the pleadings. On May 23, 2013 Judge Snite denied insurance defendants' motion for judgment on the pleadings because discovery was not complete.

On April 10, 2013 defendants Chaut and MCA filed a motion to discontinue action.[5] On May 22, 2013 Judge Snite granted defendants Chaut and MCA's motion to discontinue the action.

Upon completion of numerous discovery hearings and motions for extraordinary relief, the final revised case management order was docketed on March 27, 2013, with discovery to be completed by June 3, 2013, plaintiff's expert reports to be submitted by June 3, 2013, defendants' expert reports submitted by August 5, 2013, and all pre-trial motions to be filed by August 19, 2013.

On August 19, 2013, insurance defendants filed the instant motion for summary judgment. On October 25, 2013, plaintiff filed a response in opposition. On November 11, 2013, insurance defendants filed a reply in support of its motion for summary judgment.

### FACTUAL HISTORY

This action was initiated by the plaintiff Polina Tertyshnaya individually and on behalf of her minor son Alexander Tertyshny, arising from insurance defendants alleged failure to pay accidental death benefits to plaintiff following her husband's death in July 1999.

Plaintiff is the widow of Dmitri Tertyshny, who played for the Philadelphia Flyers in the National Hockey

---

5. Control number 13041467. As of March 25, 2013 counsel for plaintiff agreed to stipulate to the dismissal of the Chaut defendants. Defs.' mot. discontinue ¶ 3.

League.[6] Plaintiff alleges that in or about March of 1999 Mr. Tertyshny and plaintiff purchased a policy of disability and accidental death and dismemberment insurance with respect to Mr. Tertyshny from Insurance defendants.[7] Mr. Tertyshny died on July 23, 1999 while attending a summer training camp in Canada.[8] At no time since Mr. Tertyshny's death has plaintiff received accidental death and dismemberment benefits.[9]

Plaintiff alleges that insurance defendants "stonewalled" plaintiff's requests for a copy of the policy to discourage, interfere with, and avoid their obligations under the policy and fraudulently or recklessly concealed the policy from plaintiff.[10]

In May of 2010 plaintiff brought claims against the individual defendants for failure to pay benefits under the alleged policy.

## DISCUSSION

The claims against insurance defendants are premised on allegations that insurance defendants failed to pay accidental death benefits.

Once the relevant pleadings have closed, any party may move for summary judgment. Pa. R.C.P 1035.2. "Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law." *Rausch v. Mike-Meyer*, 783 A.2d 815, 821 (Pa.

---

6. Second am. compl. ¶ 13.
7. Second am. compl. ¶ 15.
8. Second am. compl. ¶ 19.
9. Second am. compl. ¶ 23.
10. Second am. compl. ¶¶ 32, 37.

Super. 2001). Further, granting summary judgment is appropriate only when the evidentiary record shows the material facts are undisputed. *McCarthy v. Dan Lepore & Sons 4 Co., Inc.*, 724 A.2d 938, 940 (Pa. Super. 1998). The trial court must view the record in the light most favorable to the non-moving party. *Rausch*, 783 A.2d at 821.

The Pennsylvania Supreme Court recognizes that "[l]imitation periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights."[11] "Once the prescribed statutory period for commencing a cause of action has expired, the complaining party is barred from bringing suit."[12] It is well settled law that "[i]t is the duty of a party asserting a cause of action to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period."[13] "Lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations."[14] Under Pennsylvania law "the statute of limitations begins to run as soon as the right to institute and maintain the suit arises."[15]

Here, in order to establish that plaintiff's claims are not time barred by the statute of limitations, the evidence must show that plaintiff brought her causes of action within the requisite statutes of limitations.

In this case, plaintiff asserts seven causes of action

---

11. *Cunningham v. Insurance Co. of North America*, 530 A.2d 407, 411 (Pa. 1987).
12. *Booher v. Olczak*, 797 A.2d 342, 345 (Pa. Super. Ct. 2002).
13. *Id.*
14. *Id.*
15. *Sevast v. Kakouras*, 915 A.2d 1147, 1153 (Pa. 2007).

against insurance defendants.[16] Under Pennsylvania law, plaintiff's count IV (bad faith), count VI (fraudulent misrepresentation), count VII (negligent misrepresentation), and count VIII (negligence) are governed by a two year statute of limitations.[17] Additionally, under Pennsylvania law, plaintiffs count I (declaratory relief), count II (breach of contract), and count III (quantum meruit/unjust enrichment) are governed by a four year statute of limitations.[18] Finally, under Pennsylvania law, plaintiff's count V (Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law) is governed by a six year statute of limitations.[19]

In this case, plaintiff claims that she and her husband obtained a "policy of disability *and accidental death* and dismemberment insurance with respect to Dimitri Tertyshny"[20] in March of 1999 and that she personally applied to be a beneficiary under the policy in March of 1999.[21] Plaintiffs husband died on July 23, 1999.[22] Upon learning of plaintiffs husband death, insurance defendants took steps to cancel Mr. Tertyshny's *disability* policy.[23] On August 30, 1999, insurance defendants wrote to Jay Grossman, Mr. Tertyshny's sports agent, and included a copy of the *permanent total disability policy* and a refund for the unused premium for permanent total disability

---

16. Second am. compl.
17. 42 Pa.C.S.A. § 5524.
18. 42 Pa.C.S.A. § 5525.
19. *See Ash v. Cont'l Ins. Co.*, 932 A.2d 977, 881 (Pa. 2007) (recognizing that statute of limitations was previously held to be governed by the catchall six year statute of limitations).
20. Emphasis added.
21. Second am. compl. ¶ 15.
22. Second am. compl. ¶ 19.
23. Second am. compl. ¶ 22.

benefits.[24]

As of her husband's death on July 23, 1999 plaintiff was aware of her right of recovery under the insurance policy she alleges she purchased with her husband. Furthermore, as of insurance defendant's communication with Jay Grossman on August 30, 1999, plaintiff was on notice that no death benefits were included in the policy and that no death benefits were to be issued by insurance defendants. Plaintiff did not submit a proof of loss or notice of claim to insurance defendants.[25] Instead, plaintiff did not contact insurance defendants until December of 2008 concerning the existence of a policy for Mr. Tertyshny providing accidental death benefits.[26]

Barring exception, the statute of limitations began to run no later than insurance defendants communication with Jay Grossman on August 30, 1999. Plaintiffs count IV (bad faith), count VI (fraudulent misrepresentation), count VII (negligent misrepresentation), and count VIII (negligence) are governed by a two year statute of limitations; therefore these claims must have been brought no later than August 2001. Plaintiff's count I (declaratory relief), count II (breach of contract), and count III (quantum meruit/unjust enrichment) are governed by a four year statute of limitations; therefore these claims must have been brought no later than August 2003. Plaintiff's count V (violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law) is governed by a six year statute of limitations; therefore these claims must have been brought by August 2005. Plaintiff did not contact

24. Second am. compl. ¶¶ 20, 29(c), 35(e).
25. Defs/' mot. summ. J.
26. Second am. compl. ¶ 24; moy dep. at 128.

insurance defendants until December of 2008 concerning the accidental death benefits policy and did not initiate the instant action until May of 2010.

The fraudulent concealment doctrine is an exception to the statute of limitations. The fraudulent concealment doctrine provides that "the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts."[27] Fraudulent concealment may occur as a result of innocent deception or unintentional concealment and need not consist of intentional fraud.[28] Under the application of the fraudulent concealment doctrine an "affirmative or independent act of concealment that would divert or mislead the plaintiff from discovering the injury" is sufficient to toll the statute of limitations.[29] In this case, to toll the statute of limitations under the fraudulent concealment doctrine plaintiff must show that insurance defendants committed some affirmative independent act of concealment upon which the plaintiff justifiably relied.[30]

Plaintiff argues that insurance defendants "participated in fraud or concealment such that they should be stopped from asserting the defense of statute of limitations."[31] Plaintiff asserts that insurance defendants knew a policy was issued, lied to plaintiff about it, and issued a back-dated policy for disability insurance only after receiving notice of Mr. Tertyshny's death.[32] Furthermore, plaintiff

27. *Fine v. Cheecio*, 870 A.2d 850, 861 (Pa. 2005).
28. *Id.*
29. *Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir. 1991).
30. *See Kingston Coal Co. v. Felton Mining Co.*, 690 .2d 284, 291 (1997).
31. Pl.'s memo opp. defs.' mot. summ. J. p. 28.
32. *Id.*

maintains that when both she and her attorney "inquired to [insurance defendants] about why the death benefits were not paid, and requested a copy of any policy; the [insurance defendants] and their agents represented that they had no record of any policy being issued in regard to plaintiff's late husband."[33] Plaintiff argues that these acts of concealment caused her to relax her vigilance and not file suit.[34]

However, *none* of these *unsupported* allegations are sufficient to show that the statute of limitations on plaintiff's claims should have been tolled under the fraudulent concealment doctrine.[35] Insurance defendants presented evidence that they did not back-date Mr. Tertyshny's policy as evidenced by a conditional coverage note dated March 5, 1999, before the policy was issued. More importantly, neither plaintiff nor her attorney contacted insurance defendants until December of 2008 regarding the existence of a policy for Mr. Tertyshny providing accidental death benefits. When plaintiff contacted insurance defendants in December of 2008 inquiring as to why death benefits were not paid, the statute of limitations had expired for all of plaintiff's claims.[36]

In this case, the assertions of the doctrine of fraudulent concealment doctrine cannot revive the statute of limitations. The doctrine of fraudulent concealment does not apply in this case to toll the statute of limitations;

---

33. *Id.* p. 28.

34. *Id.* pp. 26-30.

35. *See Dalrymple v. Bown*, 701 A.2d 164, 171 (Pa. 1997).

36. *See Guenther v. Quartucci*, 1996 U.S. Dist. LEXIS 1654 (E.D. Pa. Feb. 12, 1996) (explaining "even if this court found that [defendant's] acts somehow rose to the level of concealment, they could not possibly have the effect of causing plaintiffs to "relax vigilance or deviate from the right of inquiry.")

therefore insurance defendants are entitled to summary judgment on all claims.

In aummary, plaintiff alleges a scenario in which she was actively prohibited from discovering the true state of affairs through insurance defendants' fraud and concealment. Although insurance defendants *did* contact Grossman, and stated that the *disability* policy was cancelled due to death, plaintiff has produced no coherent facts indicating that insurance defendants affirmatively concealed "a death policy". Nor has plaintiff produced any facts to show that she made any attempt to learn of "a death policy" by August of 2005. There is also no evidence that insurance defendants produced a back dated policy. Furthermore, although the court is sympathetic to plaintiff's language barrier[37] the court cannot allow this as a sufficient excuse.

## CONCLUSION

In conclusion, I am granting insurance defendants' motion for summary judgment on the basis of statute of limitations. This action is dismissed.

---

37. Pl.'s memo op. defs.' mot. summ. J. p. 28.