J-A14043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| CITY LIFE PROPERTY AND DEVELOPMENT MANAGEMENT, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADEL ALAMERI | : | |
| | : | No. 3147 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered November 14, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  150201675

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JUNE 12, 2023**

Adel Alameri ("Alameri") appeals from the order denying his petition to set aside a sheriff's sale.  We remand for a supplemental trial court opinion consistent with this decision.

Given our disposition, a full recitation of the facts and procedures giving rise to this appeal is unnecessary.  Briefly, City Life Property and Development Management, LLC ("City Life") sued Alameri for a breach of a lease agreement concerning real property on North Broad Street.  City Life prevailed and obtained a money award in its favor.  City Life filed a writ of execution against Alameri's real property at 2212 North Syndenham Street ("the Syndenham Street property").  The Syndenham Street property sold at a sheriff's sale in September 2022.  Within thirty days of the sheriff's sale, Alameri filed a motion to set aside the sheriff's sale asserting that City Life failed to provide proper notice of the sale and the docket did not indicate notice of the sale.

City Life answered the motion to set aside the sheriff's sale asserting that Alameri had actual notice of the sale.

On November 14, 2022, the trial court denied Alameri's motion to set aside the sheriff's sale without explanation.[1] Alameri filed a motion for reconsideration. The trial court denied reconsideration on December 8, 2022. Alameri timely appealed the denial of his motion to set aside the sheriff's sale.[2]

The trial court, by order dated January 4, 2023, and entered January 5, 2023, directed Alameri to "file of record a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure, Rule 1925(b) **and pursuant to subdivision (b)(1), concurrently serve this [c]ourt** at the Criminal Justice Center, 1301 Filbert Street, Suite 1413, Philadelphia, Pennsylvania, 19107-2609, within twenty-one (21) days." Order, 1/5/23 ("the January 5, 2023 order") (emphasis added). The January 5, 2023 order cautioned that "[a]ny issue not properly included in the Statement timely filed **and served** pursuant to subdivision (b)

---

[1] The trial court dated the order November 9, 2022, but the trial court's prothonotary docketed the order on November 10, 2022, and served the order on November 14, 2022. Therefore, we will refer to the order denying Alameri's motion to set aside the sheriff's sale as the November 14, 2022 order. **See** Pa.R.A.P. 108(b).

[2] Alameri properly indicated that he appealed from the order denying his motion to set aside the sheriff's sale but later indicated to this Court that he took his appeal from the order denying his motion for reconsideration. We have amended the caption of this appeal to reflect that this appeal properly lies from the order entered on November 14, 2022. **See Erie Ins. Exch. v. Larrimore**, 987 A.2d 732, 743 (Pa. Super. 2009) (noting that "[d]enial of reconsideration is not subject to appellate review").

shall be deemed waived." ***Id***. (emphasis added). The trial court's prothonotary indicated "notice given on [January 5, 2023] of order entered/236 notice given . . . ." ***See*** Docket Entry, 1/4/23 at 2:55 p.m. Alameri then filed a Rule 1925(b) statement on January 24, 2023, and a certificate of service of his Rule 1925(b) statement on January 26, 2023. The January 26, 2023 certificate of service averred that Alameri served the trial court by first class mail. The trial court subsequently authored a Rule 1925(a) opinion stating that Alameri "has not filed" a Rule 1925(b) statement and requested that this Court find any issues raised on appeal waived and dismiss the appeal. Trial Court Opinion, 2/7/23, at 1-2.

Before addressing the issues raised in this appeal, we consider the trial court's opinion that Alameri's noncompliance with Pa.R.A.P. 1925(b) results in waiver. ***See Feingold v. Hendrzak***, 15 A.3d 937, 940 (Pa. Super. 2011) (noting that an untimely filing of a concise statement results in waiver of all issues on appeal).[3] Initially, we note that the trial court's January 5, 2023

_____

[3] We add that City Life asserts that this Court should quash this appeal due to Alameri's failure to comply with numerous rules of appellate procedure and directives from this Court, including Alameri's failure to provide proof of the date of service of his Rule 1925(b) statements. ***See*** City Life's Brief at 3 & n.3; ***see also id***. at 4-8. We acknowledge City Life asserts that Alameri: (1) improperly attached a document not contained in the record to his brief, (2) failed to timely comply with this Court's order to file a reproduced record; and (3) filed a late reproduced record that did not include a table of contents, page numbers, or the required contents of a face-sheet. We conclude those defects do not impair this Court's ability to review the issues raised in this appeal and will not quash or dismiss the appeal for those reasons. ***See Booher v. Olczak***, 797 A.2d 342, 344 (Pa. Super. 2002). Therefore, we will only address the apparent defects with respect to Alameri's Rule 1925(b) statement.

order complied with the content requirements of Rule 1925(b). ***See*** Pa.R.A.P. 1925(b)(3); ***see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225-26 (Pa. Super. 2014) (noting that when the trial court's order complies with the requirements of Rule 1925 and an appellant fails to comply with the order, waiver is appropriate). Moreover, the order and the docket contain notations of service pursuant to Pa.R.Civ.P. 236. Thus, if Alameri failed to comply with the terms of the trial court's January 5, 2023 order, waiver will be appropriate. ***See Greater Erie Indus. Dev. Corp.***, 88 A.3d at 225-26.

As noted above, the trial court faulted Alameri for failing to file a Rule 1925(b) statement in compliance with its order. ***See*** Trial Court Opinion, 2/7/23, at 1-2. Neither the docket nor the record supports the trial court's conclusion: the docket states that Alameri filed a Rule 1925(b) statement, and the record establishes that he did so on January 24, 2023, within the twenty-one days from the appropriate entry of the trial court's January 5, 2023 order requiring the filing of a statement. Thus, we discern no support for the trial court's conclusion that Alameri's failure to file a Rule 1925 statement requires the waiver of his appellate issues.

This does not end our inquiry, however. The trial court's January 5, 2023 order required Alameri to file ***and serve*** the trial court with his Rule 1925(b) statement. ***See*** Order, 1/5/23. Although Alameri filed a certificate of service indicating that he mailed a copy of his statement to the trial court, he has yet to provide reasonably verifiable proof of the date of the mailing.

*See* Pa.R.A.P. 1925 Comment (advising counsel "to retain date-stamped copies of postal forms (or other proofs of timely service), in case questions of waiver arise later, to demonstrate that the [s]tatement was timely filed or served on the judge").

Based on the foregoing, we remand to the trial court for a determination of whether Alameri properly served the trial court with his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(1), (c). The trial court may hold a hearing and shall promptly prepare and file a supplemental trial court opinion detailing its findings and conclusions of law within thirty days of this decision. Furthermore, if the trial court determines that Alameri complied with its January 5, 2023 order or a breakdown in the operations of court occurred, the trial court's supplemental opinion shall address the issues raised in Alameri's Rule 1925(b) statement.

We direct this Court's Prothonotary upon receipt of the trial court's opinion, to issue a new briefing schedule to afford the parties the opportunity to address the issues discussed in the trial court's supplemental opinion. Furthermore, we direct that upon receipt of all necessary filings and briefs, the Prothonotary shall list this appeal on the next available Eastern District argument panel.

Remanded with instructions. Court jurisdiction retained. Case continued to a future argument panel.