J-S12042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JEEL CORPORATION, JOHN VALENTINO, AND MARY-CLARE VALENTINO | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 533 EDA 2024 |
| JONATHAN WHEELER AND LAW OFFICES OF JONATHAN WHEELER, P.C. | : : : : | |

Appeal from the Judgment Entered January 24, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No. 181102396

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED MAY 6, 2025**

Jeel Corporation, John Valentino, and Mary-Clare Valentino (collectively, Appellants) appeal from the judgment entered in this action initiated by Appellants against Jonathan Wheeler and the Law Offices of Jonathan Wheeler, P.C. (collectively, Wheeler).  We affirm.

*CASE HISTORY*

The parties' dispute "centers on the quality of [Wheeler's] representation," and "misrepresentations allegedly relied upon by [Appellants] when hiring [Wheeler's] legal services."  First Trial Court Opinion (TCO I), 11/20/19, at 2.  Wheeler represented Appellants in "a series of insurance

coverage lawsuits relating to water damage at a warehouse owned by [Appellants]." Second Trial Court Opinion (TCO II), 7/30/24, at 1.[1]

Appellants filed a writ of summons against Wheeler on February 28, 2017. On November 20, 2018, Appellants filed a complaint raising seven claims: 1) professional negligence/legal malpractice; 2) breach of contract; 3) unfair trade practices and consumer protection; 4) negligent misrepresentation; 5) breach of fiduciary duty; 6) negligent failure to supervise; and 7) fraudulent misrepresentation.[2]

On January 10, 2019, Wheeler filed an answer and new matter which included a counterclaim for recovery of legal fees. On April 16, 2019, Wheeler filed a motion for judgment on the pleadings. Wheeler argued, *inter alia*, that Appellants' tort claims were barred by the two-year statute of limitations set forth in 42 Pa.C.S. § 5524. Motion for Judgment on the Pleadings, 4/16/19, at 12. Wheeler stated that even if Appellants' "allegation that they were lulled into believing that the appeal of the underlying matter was still pending w[as] true, it is irrelevant because [Appellants] were aware of the trial court's

_____

[1] Appellants retained Wheeler "to file actions against four parties allegedly responsible for damages to [Appellants'] property and contents therein." TCO I at 1. The actions against three of the parties "were disposed of by … summary judgment" entered in the three parties' favor. *Id.* The action against the fourth party was resolved following a bench trial, where "the trial court disbelieved [Appellants'] testimony." *Id.* at 2. This Court "affirmed all of the [trial court's] findings and legal rulings." *Id.*; *Valentino v. Harleysville Preferred Ins. Co.*, No. 360 EDA 2014, unpublished memorandum (Pa. Super. filed Feb. 3, 2015).

[2] An action for legal malpractice may be brought in contract or tort. *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570 (Pa. Super. 2007).

rulings, and an appeal from those rulings does not toll the statute of limitations." *Id.*

The trial court granted partial relief in an order and opinion filed on November 20, 2019.[3] The court granted judgment on the pleadings on six of Appellants' seven claims. Order, 11/20/19. The court found the five tort claims were barred by the statute of limitations, and the unfair trade practices and consumer protection claim was "not applicable to this case as a matter of law." TCO I at 2-3. The court denied relief on the remaining breach of contract claim. *Id.* at 11.

The parties engaged in discovery on the breach of contract claim, although the case was delayed for reasons "not relevant to disposition of this appeal." TCO II at 1. On April 25, 2023, Wheeler filed a motion *in limine* to preclude Appellants from offering various evidence at trial. Appellants filed a response in opposition, and the trial court held a hearing. At the beginning of the hearing, the court noted, "This is a contract case. It's not a negligence case. That's already been determined." N.T., 5/16/23, at 6. As the hearing concluded, the court emphasized that the issue for the jury would be whether Wheeler breached a professional duty. The court advised the parties that "we are not trying the cases below. We're not doing it." *Id.* at 114.

In ruling on the motion *in limine*, the trial court issued multiple orders granting and denying Wheeler's request to preclude various evidence; the

_____

[3] The order and opinion are dated November 18, 2019.

court also held the introduction of some evidence under advisement. Pertinently, the court granted Wheeler's request to bar "evidence or testimony regarding the case within the case,"[4] but permitted Appellants "to offer opinion testimony from the expert … on standards of competence in the legal profession." Order, 5/17/23.

The trial court disposed of the pending requests prior to trial. The court summarized its rulings on the motion *in limine* as follows:

> I granted th[e] motion … in a partial way with respect to expert testimony [and] will limit the evidence to material facts regarding the breach of contract claim.
>
> … I want the parties to understand that the testimony of expert witnesses regarding the claim of a breach of contract by [Wheeler] is permitted in its entirety. In its entirety. From any expert witnesses who have been included [in the] pretrial summary, and who[ have] been qualified [and have prepared] expert reports.
>
> So expert testimony regarding [Wheeler's professional] competency, … advice, [and] all of the rest [related to breach of contract] is admissible. … [But] I am not permitting a retrial or a new trial of what could have happened [when Wheeler represented Appellants]. … I'm not allowing that. We're not having this jury decide that case as if we were retrying that case. [T]he expert witnesses [may testify about] their evaluation of the steps that were taken by [Wheeler], … and whether what [Wheeler] did was within the standard of duty that is expected of an attorney. That will be permitted. But we're not going to try a case within a case….

N.T., 5/23/23, at 7-9.

---

[4] A legal malpractice action requires the plaintiff to prove a viable cause of action against the party he wished to sue in the underlying case, and that the attorney was negligent in prosecuting or defending that case (often referred to as proving a "case within a case"). ***Kituskie v. Corbman***, 714 A.2d 1027, 1030 (Pa. 1998).

- 4 -

On May 30, 2023, Appellants' "issues were resolved by the jury following a week-long trial ending with verdicts adverse" to Appellants. TCO II at 1. On Wheeler's counterclaim, the jury determined Appellants owed Wheeler $12,000 as a 20% contingency fee for a $60,000 settlement Wheeler had negotiated in a related matter. *Id.* at 1-2.

Both parties filed post-trial motions. Appellants challenged the trial court's grant of judgment on the pleadings and its partial grant of Wheeler's motion *in limine*. Wheeler requested that the court mold the verdict to include pre-judgment statutory interest. The court denied Appellants' post-trial motion and granted Wheeler's request to mold the verdict. Order, 12/26/23. Appellants filed a notice of appeal on January 12, 2024.[5] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) concise statement, although it filed a second opinion. *See* TCO II.

Appellants present the following two questions for review:

1. Did the trial court err when it resolved factual issues regarding the statute of limitations in deciding Wheeler's motion for judgment on the pleadings?

2. Did the trial court abuse its discretion when it precluded [Appellants] from presenting what evidence Wheeler failed to use in the underlying actions?

---

[5] The filing was premature. An appeal from an order denying post-trial motions is interlocutory, and "can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions." *See Mackall v. Fleegle*, 801 A.2d 577, 580 (Pa. Super. 2002) (citations omitted). Here, Appellants praeciped for entry of judgment on January 24, 2024, so we "regard as done that which ought to have been done," and treat the appeal as properly filed. *Id.*

Appellants' Brief at 4.

*ANALYSIS*

1.   Judgment on the Pleadings

Appellants first claim the trial court erred in granting partial judgment on the pleadings. Our standard of review of the grant of judgment on the pleadings is *de novo* and our scope of review is plenary. **Mut. Benefit Ins. Co. v. Koser**, 318 A.3d 937, 940 (Pa. Super. 2024). We are limited to determining whether the trial court committed an error of law or whether there were facts which warrant a jury trial. **Five Star Bank v. Chipego**, 312 A.3d 910, 918 (Pa. Super. 2024). In a motion for judgment on the pleadings, "all of the opposing party's well-pleaded allegations are viewed as true[,] but only those facts specifically admitted by him may be considered against him." **Sejpal v. Corson, Mitchell, Tomhave & McKinley, M.D.'S., Inc.**, 665 A.2d 1198, 1199 (Pa. Super. 1995) (citations omitted). Judgment on the pleadings is proper when the pleadings and documents establish that there are no disputed issues of fact and a party is entitled to judgment as a matter of law. **Koser**, 318 A.3d at 940–41.

Appellants assail the trial court's ruling "with respect to [Appellants' five] negligence-based claims."[6] Appellants' Brief at 12. The court found the claims were barred by the two-year statute of limitations. **See** TCO I at 3. Appellants argue that in making that finding, the court improperly "resolved a factual

_____

[6] Appellants do not challenge judgment on the pleadings on their unfair trade practices and consumer protection claim.

issue and drew inferences in favor of Wheeler."  Appellants' Brief at 11.

Appellants state:

> [T]he trial court … found that the statute accrued on February 3, 2015, when the appeal Wheeler pursued was denied.  Thus, when [Appellants] filed a writ of summons on February 28, 2017, according to the trial court, that filing was done after the two-year statute of limitations had expired.  This was error because it was based on the inference in favor of Wheeler (the moving party) that [Appellants] were even aware of the February 3, 2015 ruling by this Court.

*Id.* at 12-13.

In response, Wheeler points out that Appellants "do not argue anywhere in the record … when the statute of limitations period actually began to run." Wheeler's Brief at 12.  Wheeler claims Appellants "were aware of the alleged breach at the time of the underlying trial on December 16, 2013 or, at the latest, by February 3, 2015, the date the Superior Court affirmed the trial court's rulings, and [Appellants] did not file suit in this action until February 28, 2017." *Id.*

Our review reveals no error by the trial court's application of the statute of limitations to Appellants' claims of professional negligence/legal malpractice; negligent misrepresentation; breach of fiduciary duty; negligent failure to supervise; and fraudulent misrepresentation.  Entry of judgment on the pleadings may be appropriate where a defendant successfully pleads a statute of limitations defense.  *Booher v. Olczak*, 797 A.2d 342, 346 (Pa. Super. 2002).  Moreover, the question of whether a cause of action is barred by the statute of limitations is a question of law.  *Id.*

We have explained:

Indeed, the question of when a statute of limitations runs is a matter typically decided by the trial judge as a matter of law. "This Court has held that the determination of when the statute of limitations has run on a claim for legal malpractice is usually a question of law for the trial judge, unless the issue involves a factual determination." *Glenbrook Leasing Co. v. Beausang*, 839 A.2d 437, 444 (Pa. Super. 2003) (citing *Fiorentino v. Rapoport*, 693 A.2d 208, 219 (Pa. Super. 1997)).

It is undisputed that the statute of limitations in [a legal malpractice action] is two years. 42 Pa.C.S.[] § 5524(7). "In actions for legal malpractice, Pennsylvania uses the occurrence rule to determine when the statute of limitations begins to [run]. Under this rule, 'the statutory period commences upon the happening of the alleged breach of duty.'"

*O'Kelly v. Dawson*, 62 A.3d 414, 419–20 (Pa. Super. 2013).

Here, the trial court recognized that the two-year statute of limitations applies to tort-based legal malpractice actions, and begins to run "not on the date when loss is realized[, but] the date on which a breach of duty occurred." TCO I at 3 (citations omitted). The court cited "the occurrence rule … to determine when the statute of limitations begins to run." *Id.* Under the occurrence rule, the statute of limitations period "is triggered on the date when an allegedly injured party first knew, or should have known, that an alleged act of malpractice occurred." *Id.*

In addition, the trial court rejected the exception, known as the discovery rule, which delays the running of the statute of limitations until the plaintiff discovers, or reasonably should have discovered, the basis of the claim. *Id.* at 3-4. A plaintiff may assert the discovery rule by pleading

sufficient facts in the complaint, or raising the discovery rule in response to the defendant's statute of limitations defense. ***SpiriTrust Lutheran v. Wagman Constr., Inc.***, 314 A.3d 894, 906 (Pa. Super. 2024). "Either way, **the plaintiff must allege facts showing [the] plaintiff's lack of prior knowledge regarding the nature of the alleged injury, and why [the] plaintiff could not have learned of it at an earlier point**." ***Id.*** (citation omitted, emphasis added). As the trial court explained, "[l]ack of knowledge, mistake or misunderstanding does not toll the running of a statute of limitations," and a party "invoking the equitable discovery exception bears the burden of establishing that an injury took place … and its cause could not have been discovered through reasonable diligence and vigilance." TCO I at 3-4 (citations omitted).

The record supports the court's application of the occurrence rule in this case, as Appellants did not allege facts showing their lack of prior knowledge regarding the nature of the alleged injury, and why they could not have learned of it earlier. ***SpiriTrust Lutheran***, ***supra***. Therefore, the court did not err in concluding that the statute of limitations on Appellants' five tort claims began to run by February 3, 2015 (when this Court affirmed the trial court in ***Valentino***), and expired by February 3, 2017 (prior to Appellants' filing of the writ of summons against Wheeler on February 28, 2017).

2.   Motion *in Limine*

Appellants next argue that the trial court erred by partially granting Wheeler's motion *in limine* to preclude the introduction of evidence on their

breach of contract claim. A motion *in limine* is used before trial to obtain a ruling on the admissibility of evidence. ***Parr v. Ford Motor Co.***, 109 A.3d 682, 690 (Pa. Super. 2014) (*en banc*). "It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the jury." ***Id.*** (citation omitted). A trial court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review. ***Id.*** "In addition, to constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." ***Id.*** at 690-91.

In a breach of contract action, a plaintiff must plead three elements: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages. ***Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.***, 137 A.3d 1247, 1258 (Pa. 2016). Here, Appellants alleged:

> 100. [Wheeler] agreed to properly prepare and litigate the August 18, 2010 Property Damage Claim relating to the 3001 Richmond Building and in consideration thereof, [Appellants] agreed to pay [] Wheeler pursuant to the Contingency Fee Agreement.
>
> 101. [Wheeler] agreed to properly prepare and litigate the March 28, 2011 Property Damage Claim relating to the 3030-42 Richmond Street property and in consideration thereof, [Appellants] agreed to pay [] Wheeler pursuant to the Contingency Fee Agreement.
>
> 102. [Wheeler] further promised that their lawyers were sufficiently qualified and experienced to handle property damage and insurance bad faith claims.

- 10 -

103. [Wheeler] promised to faithfully represent [Appellants] and obtain the required and necessary experts to prosecute [Appellants'] claims.

104. In exchange, [Appellants] would pay [] Wheeler's prepaid expert fees from their share of the settlement or verdict proceeds and pay [Wheeler] pursuant to the Contingency Fee Agreement.

105. [Wheeler] breached their contractual obligations and promises to [Appellants] when they failed to obtain the necessary expert reports and failed to "faithfully represent" [Appellants].

106. As a direct and proximate result of [Wheeler's] breach of contract, [Appellants] suffered [] damages….

Complaint, 11/20/18, at 21-22.

Appellants sought to introduce "actual evidence that Wheeler should have used in the underlying actions." Appellants' Brief at 17. Appellants state their "core claim was that Wheeler breached the fee agreement's terms to act faithfully and competently when he failed to adduce the requisite causation experts in the underlying actions." *Id.* at 20. Critically, Appellants do not identify the causation experts or describe the evidence they would have offered. *Id.* Appellants argue:

[I]t was essential for [Appellants] to show the jury just how strong their cases were against the [defendants]. Had the jury learned that [Appellants] should have won those putative trials, then it would have had a basis upon which to conclude that Wheeler caused [Appellants] to suffer damages. Because of the trial court's ruling that precluded [Appellants] from showing the jury just how strong their claims actually were, the jurors were essentially incentivized to shrug their shoulders and say, "[S]o what?" Without being presented any evidence about what the underlying trials would have looked like, the jury was forced to operate in the abstract. The trial court's ruling left a void in the trial which proved fatal.

- 11 -

*Id.* at 20-21. Appellants ask us to reverse the trial court's ruling and remand the case for a new trial.

In response, Wheeler asserts that Appellants waived this claim because their argument does not conform with Pa.R.A.P. 2119(a). Wheeler's Brief at 21-22. Rule 2119(a) requires an appellant's argument to include "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Wheeler explains:

> [Appellants'] argument section regarding the trial court's ruling on the motion *in limine* lacks any citations to authority in support of their position apart from (1) a single case defining, in general terms, the function of a motion *in limine*, and (2) a single case quoting the three elements of a breach of contract action. In fact, [Appellants] do not even mention seeking a new trial until the very last words of their brief, in the [c]onclusion section, where they state: "For the foregoing reasons, Appellants[] respectfully request that this Court reverse the lower court's rulings and remand this matter for a new trial." In other words, [Appellants] simply point out a single alleged error by the trial court, cite to no legal authority supporting their arguments, and declare that a new trial is warranted, without ever analyzing the applicable standards governing such relief. As such, this argument is waived.

Wheeler's Brief at 21-22 (citations and emphasis omitted).

Wheeler's description of Appellants' argument is accurate. In addition to lacking supporting legal authority, the argument is vague and undeveloped. "It is a well settled principle of appellate jurisprudence that undeveloped claims are waived." *Matthew 2535 Props., LLC v. Denithorne*, 313 A.3d 223, 231 (Pa. Super. 2024). In particular, the failure to develop an adequate argument may result in waiver under Rule 2119. *See Oceanview Prop. Mgmt. & Recovery Servs., LLC v. Baker*, 319 A.3d 508, 516 (Pa. Super.

2024); ***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014) (finding waiver where an appellant "cited no legal authorities nor developed any meaningful analysis"); ***see also Commonwealth. v. Reyes-Rodriguez***, 111 A.3d 775, 781 (Pa. Super. 2015) (stating that "[w]hen an appellant cites no authority supporting an argument, this Court is inclined to believe there is none"). This Court "shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018). Accordingly, the deficiencies in Appellants' argument compel waiver, and we decline to address in the alternative whether the trial court abused its discretion by precluding the introduction of certain evidence on Appellants' breach of contract claim.[7]

Judgment affirmed.

---

[7] There are currently cases pending in this Court concerning whether an attorney's implied professional obligation in a retainer agreement is sufficient to satisfy the duty element in a breach of contract claim. On November 7, 2024, an *en banc* panel of this Court heard oral argument in ***Poteat v. Asteak***, Docket No. 729 EDA 2023, and ***Swatt v. Nottingham Village***, Docket Nos. 1506 & 1507 MDA 2021, and both cases are awaiting disposition at the time of this writing. Because we have found waiver of Appellant's evidentiary claim, the disposition of the *en banc* cases does not impact our decision in this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/6/2025</u>