**AMERICAN ROCK MECHANICS, INC.**

v.

**N. ABBONIZIO CONTRACTORS, INC. and Fidelity and Deposit Company of Maryland, Appellants**

Superior Court of Pennsylvania.

Argued Sept. 29, 2005.

Filed Nov. 21, 2005.

Keith Young, Philadelphia, for appellants.

Joseph S. D'Amico, Center Valley, for appellee.

Before: JOYCE, LALLY–GREEN, and JOHNSON, JJ.

JOHNSON, J.:

¶ 1 N. Abbonizio Contractors, Inc. and Fidelity and Deposit Company of Maryland (collectively "Contractors"), appeal the trial court's order granting judgment on the pleadings in favor of American Rock Mechanics, Inc. (AMROC), for sums allegedly due for its work on a construction site owned by Whitemarsh Township.

Contractors contend that under section 3933 of the Commonwealth Procurement Code, 62 Pa.C.S. § 101–4509, their obligation to pay subcontractors such as AMROC does not mature until 14 days after its own receipt of payment from the political subdivision for which it undertook the underlying project. Because the trial court found the Commonwealth Procurement Code inapplicable, Contractors argue that it erred as a matter of law. Because we find no error, we affirm the trial court's order.

¶ 2 This matter arose out of Contractors' failure to pay AMROC for its work on the West Mill Road sanitary sewer project in Whitemarsh Township, Montgomery County. AMROC contends that the parties entered a written contract for drilling and earth removal services and that Abbonizio agreed to make progress payments on a weekly basis during the life of the project, remaining amounts due within thirty days of the project's completion. When Abbonizio failed to make the required payments, AMROC commenced this action and sought an additional award of contract interest and attorneys' fees. Abbonizio, in its Answer and New Matter to AMROC's Complaint, asserted that under the Commonwealth Procurement Code, AMROC's claims are barred by the failure of Whitemarsh Township to remit payment, and that AMROC's claims were subject to an unspecified "set-off." Upon AMROC's motion, the trial court granted judgment on the pleadings, awarding $41,150 to AMROC plus contract interest at the rate of 2% compounded monthly. Contractors now file this appeal, raising the following questions for our review:

I. Whether the trial court erred in granting Appellee's, American Rock Mechanics, Inc.'s (hereinafter "American"), Judgment on the Pleadings when Appellant, N. Abbonizio Contractors, Inc. (hereinafter "Abbonizio"), asserted by way of affirmative defense that American's claims to payment were subject to set-off[?]

II. Whether the trial court erred in granting Judgment on the Pleadings because Abbonizio's obligation to pay American was controlled by the "pay-when-paid" terms of the Commonwealth Procurement Code[?]

III. Whether Abbonizio, pursuant to 62 Pa.C.S.A. § 3933, was obligated to disclose its dates of payment by the owner as a precondition to the "pay-when-paid" terms of the Commonwealth Procurement Code[?]

IV. Whether the trial court applied the incorrect rate of interest in the judgment against Abbonizio[?]

Brief for Appellant at 7.

¶ 3 All of Contractors' questions arise from entry of a judgment on the pleadings; accordingly, we apply the corresponding standard and scope of review. "Entry of judgment on the pleadings is permitted under [Pennsylvania Rule of Civil Procedure 1034] which provides for such judgment after the pleadings are closed, but within such time as not to delay trial." *Booher v. Olczak,* 797 A.2d 342, 345 (Pa.Super.2002). "A motion for judgment on the pleadings is similar to a demurrer. It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." *Id.* Accordingly, our scope of review on appeal from the grant of judgment on the pleadings is plenary. *See id.* "We must determine if the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury." *Id.*

¶ 4 In support of their first question, Contractors argue that judgment on the pleadings was precluded by the defense of set-off. Brief for Appellant at 10. We note, however, that Contractors raise their set-off defense in New Matter only in the most cursory way in the form of a legal conclusion. *See* Contractors' Answer and New Matter, 8/19/04, at 4, ¶ 31 ("Plaintiff's claims are subject to set-off."). Neither Contractors' New Matter nor their brief on appeal offers any allegation of precisely what charges they would seek to set off or provide any explanation of facts that might support a set-off claim. Because Pennsylvania is a fact pleading jurisdiction, *see Youndt v. First Nat. Bank of Port Allegany*, 868 A.2d 539, 544 (Pa.Super.2005), inclusion of such allegations is indispensable to the viability of the claim or defense raised. In their absence, the assertion of a legal theory, such as Contractors have made here, has no place in the pleading and is not sufficient to raise a legal defense. *Cf. DelConte v. Stefonick*, 268 Pa.Super. 572, 408 A.2d 1151, 1153 (1979) ("Assertions of legal rights and obligations in a complaint may be construed as conclusions of law, which have no place in a pleading[.]"). Because Contractors here failed to develop their defense beyond a legal conclusion, their assertion of a right to set-off does not preclude entry of judgment on the pleadings, and the trial court did not err in so finding.

¶ 5 In support of their second question, Contractors contend that the trial court erred in granting judgment on the pleadings despite their defense that a purported "pay-when-paid" provision of the Commonwealth Procurement Code allows a contractor to withhold payment to a subcontractor until the contractor is itself paid by the government agency for which the work was undertaken. Brief for Appellant at 11 (citing 62 Pa.C.S. § 3933). The trial court declined to apply the Procurement Code, concluding that the rights and obligations of the parties are controlled entirely by the terms of their own contract, which requires final payment "within thirty (30) days after the work is completed." Trial Court Opinion, 5/4/05, at 2. Upon consideration of the parties' contract, as well as the applicable Code provision, we do not find reversible error.

¶ 6 The section of the Procurement Code upon which Contractors rely provides direction for the timely tender of progress payments to subcontractors during the pendency of a government project:

**§ 3933. Contractors' and subcontractors' payment obligations**

**(a) Performance by subcontractor entitles subcontractor to payment.**—Performance by a subcontractor in accordance with the provisions of the contract shall entitle the subcontractor to payment from the party with whom the subcontractor has contracted. For purposes of this section, the contract between the contractor and subcontractor is presumed to incorporate the terms of the contract between the contractor and the government agency.

**(b) Disclosure of progress payment due dates.**—A contractor or subcontractor shall disclose to a subcontractor, before a subcontract is executed, the due date for receipt of progress payments from the government agency. Notwithstanding any other provisions of this subchapter, if a contractor or a subcontractor fails to accurately disclose the due date to a subcontractor, the contractor or subcontractor shall be obligated to pay the subcontractor as though the due dates established in subsection (c) were met by the government agency. This subsection shall not apply to a change in due dates because of conditions outside of the contractor's control,

including, but not limited to, design changes, change orders or delays in construction due to weather conditions.

**(c) Payment.**—When a subcontractor has performed in accordance with the provisions of the contract, a contractor shall pay to the subcontractor, and each subcontractor shall in turn pay to its subcontractors, the full or proportional amount received for each such subcontractor's work and material, based on work completed or services provided under the subcontract, 14 days after receipt of a progress payment. Payment shall be made under this section unless it is being withheld under section 3934 (relating to withholding of payment for good faith claims).

**(d) Interest due when progress payment not timely.**—If any progress payment is not made to a subcontractor by the due date established in the contract or in subsection (c), the contractor shall pay to the subcontractor, in addition to the amount due, interest as computed in section 3932(c) (relating to government agency's progress payment obligations).

62 Pa.C.S. § 3933. Because there appear no prior appellate cases interpreting the scope of these provisions, we are compelled to do so here.

¶ 7 In accordance with our Statutory Construction Act, we discern the legislative intent behind an enactment in accordance with the plain meaning of the words used. *See* 1 Pa.C.S.1921(b). We may not, however, excerpt those words and apply them in isolation. *See In the Interest of Jones,* 286 Pa.Super. 574, 429 A.2d 671, 677 (1981). Rather, "the sections of a statute must be read together and construed with reference to the entire statute." *Wilson v. Central Penn Industries, Inc.,* 306 Pa.Super. 146, 452 A.2d 257, 259 (1982). "A construction which fails to give

effect to all provisions of a statute ... must be avoided." *Id.*

¶ 8 Having applied this standard to the language of section 3933 of the Commonwealth Procurement Code, we find Contractors' "pay-when-paid" defense unsupported. The statute's purpose, stated simply, is to assure that no contractor can wrongly withhold payment from a subcontractor for work completed in accordance with the parties' contract. We find no suggestion of a legislative intent to defeat the terms of contracts negotiated by contractors with those who subcontract from them or to condition the subcontractors' payment upon the contractor's own receipt of payment from the government agency responsible for a project. Rather, section 3933 as a whole reflects the concern of our legislature that subcontractors be paid in a timely fashion during the progress of contracted work. For that purpose, it requires that the contractor disclose to subcontractors the dates of progress payments to be made by a government agency, *see* 62 Pa.C.S. § 3933(b), and that corresponding payments be made to subcontractors within 14 days "after receipt" of payment by the contractor from the government agency, *see* 62 Pa. C.S. § 3933(c).

¶ 9 Significantly, section 3933(a) provides that performance in compliance with the terms of the contract "shall entitle the subcontractor to payment from the party with whom the subcontractor has contracted." 62 Pa.C.S. § 3933(a). Consequently, subsection (c) (which establishes the 14–day payment window), cannot be deemed to supersede the payment schedule provided by the parties' contract. Rather, it establishes a cut-off date after completion of work by which the contractor *must* pay the subcontractor. Accordingly, the term assures that subcontractors are paid within a reasonable time for services they have

rendered under a contract that the prime contractor was free to negotiate before retaining the subcontractor's services. Of equal significance, nothing in these sections, including the "14 day" language, appears to limit a subcontractor's right to collect *full* payment (as opposed to progress payments) in accordance with the terms of its contract upon completion of contracted work. Contractors' assertions to the contrary focus only on isolated excerpts of the statutory language and fail to recognize the scheme evident upon consideration of the statute as a whole. To that extent, Contractors' argument is self-serving and offers no basis for a conclusion that the trial court committed reversible error in declining to apply the Procurement Code to limit AMROC's right of recovery. Because we find nothing in section 3933's language to sustain the defense Contractors assert, we conclude that the trial court did not err in granting judgment on the pleadings for AMROC.

¶ 10 In support of their third question, Contractors argue that Abbonizio was not required by the Commonwealth Procurement Code to disclose the dates on which it received progress payments from Whitemarsh Township in order to avail itself of the purported "pay-when-paid" language of section 3933(c). Brief for Appellant at 13. Initially, we note that neither the trial court nor we have relied on the asserted "pay-when-paid" language for the disposition of Contractors' claims. Moreover, to the extent that our analysis of section 3933 reveals that the language in question does not support Contractors' "pay-when-paid" defense or limit AMROC's right to collect sums payable under the parties' contract, we find no need to consider whether disclosure of the progress payments is a prerequisite. Accordingly, we find Contractors' argument on this third question immaterial to our reso-

lution of this appeal and we decline to address it further.

¶ 11 Finally, in support of their fourth question, Contractors assert that the trial court erred in its calculation of the amount of interest due on award because it awarded both 1% per month under the Commonwealth Procurement Code and 2% per month under the parties' contract. Brief for Appellant at 14. Contractors fail, however, to substantiate this claim by reference to the record, and the trial court, in its Rule 1925(a) Opinion, has confirmed that it applied contract interest only beginning thirty days after the date of AMROC's last invoice. Trial Court Opinion, 5/4/05, at 4. Because Contractors fail to provide any substantiation for their allegation, we find the trial court's clarification sufficient grounds on which to sustain the award entered. Accordingly, this fourth question provides no basis for the relief Contractors seek.

¶ 12 For the foregoing reasons, we affirm the judgment in favor of AMROC.

¶ 13 Order **AFFIRMED.**