J-A07033-21

2021 PA Super 129

| | | |
|---|---|---|
| LAURA VAN DIVNER AND DARNELL COLLINS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 1129 MDA 2020 |
| ROBERT SWEGER AND PROGRESSIVE ADVANCED INSURANCE COMPANY | : | |

Appeal from the Order Entered July 30, 2020
In the Court of Common Pleas of Perry County Civil Division at No(s):
CV-2020-334

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                **FILED: JUNE 24, 2021**

Appellants, Laura Van Divner (at times,"Van Divner") and Darnell Collins (at times, "Collins") appeal from the order entered in the Court of Common Pleas of Perry County granting the preliminary objections of Appellee Progressive Advanced Insurance Company ("Progressive Advanced") to Appellants' chosen venue of Perry County and transferring venue to neighboring Juniata County within the same judicial district, in accordance with its interpretation of the forum selection clause in Van Divner's Progressive Insurance automobile insurance policy.

Herein, Appellants contend that the court erred in granting preliminary objections where the policy failed to identify Progressive Advanced as the

_____

[*] Former Justice specially assigned to the Superior Court.

issuer of insurance, that the forum selection clause was ambiguous and unenforceable, and that transferring venue to a neighboring county court in the same judicial district would have no practical effect on the case. Though we find no merit to Appellant's claims, we vacate the order and remand for the entry of a new order transferring venue in a manner consistent with the clear directive of the policy's forum selection clause.

While driving in Perry County, Pennsylvania, on April 7, 2018, alleged tortfeasor Robert Sweger lost control of the car he was driving, crossed the center line, and collided with Appellant Van Divner's vehicle as she and her passenger, Appellant Collins, were traveling lawfully and entirely within their lane of travel. As a result of the collision, Appellants sustained bodily injuries and damage to their personal property.

On April 6, 2020, Appellants commenced legal action by filing a Complaint in Perry County alleging negligence on the part of Appellee Sweger[1] and breach of contract/Underinsured Motorist Benefits ("UIM") against Progressive Advanced Insurance Company ("Progressive Advanced"), arising from Van Divner's Progressive auto insurance policy ("policy") covering her vehicle. In response, Progressive Advanced filed preliminary objections to the

---

[1] The parties agree venue in Perry County is proper for the negligence action, as the subject vehicular accident occurred there. *See* Pa.R.C.P. 1006(a)(1) ( . . . an action against an individual may be brought in and only in a county in which . . . the individual may be served or *in which the cause of action arose* or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law . . . .") (emphasis added).

- 2 -

choice of forum, asserting that Appellants improperly filed the present UIM action in Perry County when the forum selection clause[2] within Van Divner's policy[3] required a UIM action to be brought in the county of her residence, which, Progressive maintained, was "at all times material hereto, . . . Juniata County." Appellee's Memorandum in Support of Preliminary Objections, 04/22/20, at 4.

On June 26, 2020, the Court of Common Pleas of Perry County, Senior Judge Kevin A. Hess presiding, conducted a remote hearing on Progressive Advanced's preliminary objections, and it also raised *sua sponte* the issue of severing the UIM action from the tort action, the latter of which, the court proposed, would remain in Perry County.

Progressive Advanced continued to claim the policy required transfer of venue to Juniata County, although it narrowed its reasoning from its original position that Juniata County was Van Divner's residence "at all times material hereto" by now maintaining that the forum selection clause must be read to permit venue only in the county of an insured's residence *at the time of the*

---

[2] Specifically, the forum selection clause in question provides, in relevant part:

> Any action brought against us pursuant to coverage under Part III—Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county.

Progressive Pennsylvania Auto Policy, Part VII General Provisions, at 21. **See** *infra*.

[3] At the relevant time, Van Divner was the First Name Insured under the policy, while the policy identified Collins as an Insured Resident Relative.

- 3 -

*accident*. Because both Van Divner and Collins resided in Juniata County at the time of the accident, Progressive Advanced argued, transfer of their UIM actions from the Perry County Courthouse to the Juniata County Courthouse within the 41st Judicial District was necessary.

Appellants, for their part, argued that the forum selection clause was ambiguous and, therefore, unenforceable, as one could just as readily and reasonably construe the dispositive time of residency to be at policy formation or at the filing of the UIM action as construe it to be at the time of the accident, as they claimed the clause fails to specify a particular time. They also attacked the standing of Progressive Advanced to challenge venue, claiming the policy bore the name "Progressive Direct Auto" and not "Progressive Advanced," thus casting doubt as to the actual underwriter of the policy.

The court rejected Appellants' position that it was Progressive Direct Auto, which is not a named party in the present action, who issued Van Divner's policy rather than Progressive Advanced. In this regard, the court found credible Progressive Advanced's explanation, supported by reference to the policy declaration page listing "Progressive Advanced Insurance Company" as the underwriter of Van Divner's policy, that "Progressive Direct Auto" refers not to an insurance agency but, instead, to an auto insurance policy that any of the numerous Progressive underwriting companies, such as Progressive Advanced, may obtain *directly* from Progressive. N.T., 6/26/20, at 16-17.

The court also expressed its inclination to sever the negligence trial against Seger from the UIM trial, hold the UIM actions in abeyance until

evidence at the negligence trial confirmed that Van Divner and Collins are actually underinsured with respect to their damages, and then transfer the UIM actions to Juniata County pursuant to the forum selection clause if necessary.  After entertaining party briefs on its proposal, the court entered its Order of July 31, 2020 order granting Progressive Advanced's preliminary objections.  Accordingly, it severed the negligence claim against Seger and UIM claims against Progressive Advanced and scheduled transfer of the latter claims to Juniata County.  This timely appeal followed.

Appellant raises the following issues for our consideration:

1. Whether the trial court committed erred [sic] in granting Appellee Progressive Advanced Insurance Company's Preliminary Objections to change venue based on language contained in a policy that was written by Progressive Direct Auto, a non-party?

2. Whether the trial court committed an error of law in granting Appellee Progressive Advanced Insurance Company's Preliminary Objections pursuant to an ambiguous contractual lawsuit limitation clause which had the effect of circumventing Pa.R.C.P. 2179 where venue in Perry County was proper?

3. Whether the trial court granting the Appellee's Preliminary Objections to change venue from Perry County to Juniata County was moot and a burden on the courts, since the two counties are a shared judicial district, which share judges and a jury pool?

Brief for Appellant, at 9.

In ***O'Hara v. First Liberty Ins. Corp.***, 984 A.2d 938 (Pa. Super. 2009), we set forth the following pertinent standard of review:

Our standard of review of the enforceability of an insurance policy provision is well settled:

> As the interpretation of an insurance contract is a question of law, our standard of review is *de novo*; thus, we need not defer to the findings of the lower tribunals. Our scope of review, to the extent necessary to resolve the legal question before us, is plenary.

*Erie Ins. Exchange v. E.L. ex rel. Lowry*, 941 A.2d 1270, 1273 (Pa. Super. 2008) (citation omitted), *appeal denied*, 598 Pa. 768, 956 A.2d 435 (2008). "[W]hen the language of the [insurance] contract is clear and unambiguous, a court is required to give effect to that language." *Mitsock v. Erie Ins. Exchange*, 909 A.2d 828, 831 (Pa. Super. 2006) (citation and internal quotation marks omitted).

*Id.* at 940.

Additionally, we observe:

> [i]n interpreting the terms of an insurance contract, we examine the contract in its entirety, giving all of the provisions their proper effect. Our goal is to determine the intent of the parties as exhibited by the contract provisions. In furtherance of our goal, we must accord the contract provisions their accepted meanings, and we cannot distort the plain meaning of the language to find an ambiguity. Moreover, we will not find a particular provision ambiguous simply because the parties disagree on the proper construction; if possible, we will read the provision to avoid an ambiguity.

*Burton v. Republic Ins. Co.*, 845 A.2d 889, 893 (Pa. Super. 2004) (citations omitted).

In Appellants' first issue, they essentially maintain it cannot be determined from the record whether Progressive Advanced was the contracting insurance company because the policy in question bears the name "Progressive Direct Auto" and otherwise fails to identify Progressive Advanced

- 6 -

as such anywhere within the document. The facts of record do not support Appellants' claim.

Van Divner's auto insurance policy indicates at the outset that "your [the insured's] policy consists of the policy contract, your insurance application, **the declarations page**, and all endorsements to this policy." Policy, "Insuring Agreement," at p. 1 (emphasis added). The declarations page, which is thus identified as part of the policy, specifically lists Progressive Advanced Insurance Co. as the sole underwriter of the policy, Appellant Laura Van Divner as the primary insured, and Appellant Darnell Collins as an insured resident relative.

The policy confirms elsewhere that it is the declaration page which lists the underwriting company providing the insurance, *see* Policy, "General Definitions," ¶ 16, at p. 3, and it indicates the underwriting company will pay for damages the injured insured person is entitled to recover from the owner of an underinsured motor vehicle. "General Definitions," ¶ 16, at p. 3; Part III-Uninsured/Underinsured Motorist Coverage, at p. 11. Therefore, as the policy clearly identifies Appellants and Progressive Advanced as contracting parties to the policy and sets forth their duties and rights thereunder, we discern no merit to Appellants' first issue.[4]

---

[4] Our review of the policy provisions substantiates Progressive Advanced's explanation to the trial court as to why the policy bears the name Progressive Auto Direct. We also observe the inherent contradiction in Appellants' argument that they may sue Progressive Advanced for payment of UIM
*(Footnote Continued Next Page)*

In Appellants' second issue, they contend that the court erred in transferring venue where the forum selection clause of the policy is "ambiguous . . . vague . . . overly broad . . . burdensome[,]" and, therefore, unenforceable. Appellants' brief, at 22. Because the clause in question is capable of more than one meaning as it relates to the dispositive time of an insured's residency, they posit, it should be declared invalid and the UIM cases brought back to Perry County pursuant to Pa.R.C.P. 2179(a)(2) (requiring venue in county in which cause of action arises). We disagree, albeit on different grounds than relied upon by the trial court and, consequently, to different effect than accomplished through the trial court order.

As noted in part, *supra*, the following language was included in Appellants' insurance policy:

**LEGAL ACTION AGAINST US**

We may not be sued unless there is full compliance with all the terms of this policy.

Any action brought against us pursuant to coverage under Part III—Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county.

Appellants' Exhibit C, Progressive Pennsylvania Auto Policy, Part VII General Provisions, at 20. Appellants maintain that the policy language is ambiguous as to forum selection "because it does not specify when residency is

---

benefits under the policy, but Progressive Advanced may not seek transfer of venue because the policy fails to identify either Appellants or Progressive Advanced as contracting parties.

determined." Appellants' brief, at 26. In this respect, they distinguish the present clause from those at issue in several court of common pleas decisions where the clauses specified that suit must be brought in a court of competent jurisdiction in the county and state of the insured's legal domicile *at the time of the accident*.

Other than citing decisions from the courts of common pleas, Appellants rely mainly on ***O'Hara v. First Liberty Ins. Group***, 984 A.2d 938, 942-43 (Pa. Super. 2009), in which this Court addressed, *inter alia*, the validity of a forum selection clause providing that the insured's suit must be brought in the county of the insured's legal domicile *at the time of the accident*. After first recognizing precedent upholding forum selection clauses that may require transfer of venue from a court in which venue is proper pursuant to Rule 2179, we determined that the clause at issue was "clearly and unambiguously" stated.

Nowhere in ***O'Hara***, however, did we discuss the importance of the time-specific modifier, "at the time of the accident," nor did we indicate that our decision finding the clause unambiguous depended upon the modifier. While the modifier clearly set the relevant time of residency, it does not necessarily follow that clauses lacking such explicit, "at the time of" modifiers are ambiguous.

Here, even without such a modifier, the forum selection clause clearly ties the relevant time of residency to the time one brings the action, as it provides simply and plainly that an action must be brought in the county

where one resides. There is nothing ambiguous about this language. It matches present-tense "must *be brought*" with present tense "in the county in which the person seeking benefits *resides*." (emphasis added). Accordingly, we reject Appellants' primary claim of ambiguity in the forum selection clause.[5]

Our conclusion also runs counter to both the argument advanced by Progressive Advanced and the conclusion reached by the lower court, which read the present clause as unambiguously making the time of the accident the dispositive time of the insured's residence for forum selection purposes.

For the reasons already expressed, we are constrained to disagree, as a plain reading of the forum selection clause simply does not allow for the inference that one is to look back to the insured's residence at the time of the accident when determining proper venue. Absent an explicit modifier like the one in **O'Hara**, the forum selection clause here does not bear such a construction. Instead, the clause must be read as it is written, which is to direct the insured that an action "be brought" in the county where the insured "resides."

---

[5] Furthermore, we note this forum selection clause language mirrors that of Pennsylvania Rule of Civil Procedure 2179(b)(3), which provides, in relevant part, "An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought . . . (3) in the county where the plaintiff resides, in actions upon policies of . . . accident. Pa.R.C.P. 2179(b)(3).

Lastly with respect to Appellants' second issue, we dismiss as meritless their ancillary argument that ambiguity arises from the fact that they resided in three different counties while insured by Progressive Advanced. Appellant's brief, at 27. The forum selection clause, however, does not direct that suit be brought in the county where the insured has resided while insured. It directs, instead, that the suit must be brought where the insured resides. Again, this strictly present-tense directive makes dispositive the insured's residency at the time he or she brings suit.

For the foregoing reasons, we conclude that the forum selection clause was clear, unambiguous, and enforceable as written. We nevertheless find, however, that the court erroneously construed the clause to require transfer of venue to the Appellants' shared county of residence at the time of the accident, Juniata County, instead of their respective counties of residence, Juniata (Van Divner) and Dauphin (Collins) at the time they filed their UIM actions. On remand, therefore, the trial court shall schedule transfer of venue accordingly.

In Appellants' final issue, they assert baldly that transfer of venue from Perry County to Juniata County would serve no practical purpose, when both counties reside in Pennsylvania's Forty-first Judicial District and, thus, share the same pool of judges and jurors. That is, because the same judge and the same jury pool is implicated even after transfer, Progressive Advanced's request for transfer of venue in accordance with the insurance policy's mandate is moot and should not be accommodated.

The record demonstrates that the court considered this point and determined that, because there is a separate courthouse in Juniata County, transfer of venue on the UIM actions would be appropriate to accommodate the parties' obligations under the policy. As Appellants claim no hardship flowing from the court's order in this regard, and we discern no hardship upon our independent consideration of this issue, we conclude that the court did not abuse its discretion to the extent that it ordered the transfer of the UIM actions to a separate county courthouse within the same judicial district.

However, consistent with our decision above, we note that only Appellant Van Divner's UIM action shall be transferred to Juniata County, whereas Appellant Collins' UIM action shall be transferred to Dauphin County.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/24/2021

- 12 -