2025 PA Super 213

| | | |
|---|---|---|
| ROBERT MARK WINNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PROGRESSIVE ADVANCED | : | No. 2230 EDA 2024 |
| INSURANCE COMPANY, MARGARET | : | |
| MARY BURKE, AND BRIAN HAEFLEIN | : | |

Appeal from the Order Entered August 14, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 230301654

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY PANELLA, P.J.E.:                    **FILED SEPTEMBER 24, 2025**

Robert Mark Winner appeals from the order entered by the Philadelphia County Court of Common Pleas on August 14, 2024, sustaining preliminary objections filed by Progressive Advanced Insurance Company, dismissing Count II of Winner's underlying complaint, and transferring the claims against Progressive to the Court of Common Pleas of Chester County. After careful review, we vacate in part and remand to the Chester County Court of Common Pleas for further proceedings.

The trial court aptly summarized the underlying factual history as follows:

> At all relevant times, [] Winner owned a Progressive insurance policy that included Underinsured Motorist ("UIM")

_____

[*] Retired Senior Judge assigned to the Superior Court.

Benefits. On May 27, 2021, [] Winner was in a car accident in which a third-party tortfeasor [] rear-ended his car at high speed. As a result of that accident, [] Winner suffered severe, permanent injuries, and was forced to resign from his job. On November 11, 2021, [] Winner sued the tortfeasor in a personal injury case (the "PI Case") in the Philadelphia Court of Common Pleas and provided expert testimony that [] Winner's damages exceeded the tortfeasor's insurance policy limits.

On March 3, 2023, after productive settlement negotiations with opposing counsel in the PI Case, [Winner]'s [c]ounsel contacted Progressive to request that a UIM Claim be opened on [Winner]'s behalf, which was then assigned to [] Burke. On March 9, 2023, without [] Winner's or his attorney's consent, [] Burke called opposing counsel in the PI Case, Mr. Scott, and informed him of a subsequent car accident [Winner] had on December 3, 2022. Notably, the December 3, 2022, accident was limited to property damage and [Winner] sustained no injuries. [Winner] alleges [] Burke contacted Mr. Scott to persuade him to reduce his settlement offer to [Winner] in the PI case to shield Progressive from [] Winner's UIM claim. In other words, [Winner] claims that [] Burke contacted Mr. Scott to prevent [] Winner from receiving the UIM benefits he is entitled to, by interfering with the third-party claim.

On March 9, 2023, following [] Burke's claim, Mr. Scott ceased settlement negotiations with [Winner] and filed a Motion for Extraordinary Relief requesting another sixty (60) days of discovery to investigate the December 2022 accident. On March 9, 2023, [Winner]'s counsel attempted to call and email [] Burke and Haeflein for information as to why [] Burke contacted Mr. Scott and to request that she cease communication with Mr. Scott. After receiving no response from [] Burke and Haeflein, [Winner]'s [c]ounsel emailed Progressive requesting that it cease communications with the third-party attorney before a final settlement was made.

Trial Court Opinion, 11/15/24, at 2-3 (citations omitted).

Relevant to this appeal, on March 14, 2023, Winner filed the instant complaint in Philadelphia County against Progressive, Burke, and Haeflein (together "Defendants"), asserting claims of (I) bad faith under Pennsylvania's

Bad Faith Statute against all Defendants, (II) violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") against all Defendants; and (III) breach of contract claims solely against Progressive.

On April 3, 2023, Defendants removed this action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(l), arguing Winner fraudulently joined Burke and Haeflein to destroy diversity jurisdiction. Specifically, Defendants claimed Winner failed to set forth a reasonable basis or colorable ground supporting a claim against Burke and Haeflein.

Winner subsequently filed a motion to remand to state court, and Defendants filed a motion to dismiss the complaint. The federal court found Winner stated a colorable claim under the UTPCPL and that Defendants Burke and Haeflein were properly joined. The District Court therefore granted Winner's motion, found it lacked jurisdiction, and remanded the matter to the Court of Common Pleas of Philadelphia County. The District Court also denied Defendant's motion to dismiss as moot.

Following remand, Progressive filed preliminary objections to the complaint, arguing a forum selection clause contained in the insurance policy should be enforced to transfer the matter to the Court of Common Pleas of Chester County, where Winner lived at the time he filed the complaint. Progressive further argued the complaint failed to state a claim for a violation of the UTPCPL. Notably, in a brief in support of their preliminary objections, the argument pertaining to the UTPCPL largely mirrored the briefs submitted

to the district court in support of Progressive's notice of removal and motion to dismiss.

Burke and Haeflein filed a separate set of preliminary objections, arguing the complaint failed to state a claim against the two of them in their individual capacity under Counts I and II.

Winner filed responses to the preliminary objections, requesting the court overrule them.

On June 11, 2024, the court issued a rule to show cause why the preliminary objections should not be granted as to the issue of venue, giving the parties until July 26, 2024 to file supplemental briefs solely on that issue. The rule specifically stated the court would "accept affidavits, deposition testimony, and documentary evidence relevant to the issue" of venue, and noted that nothing in the rule prevented the parties from taking depositions on the issue of venue.

On June 24, 2024, Winner served interrogatories and a notice of deposition of corporate designee on Progressive regarding the subject of venue. On July 11, 2024, Progressive filed a motion for a protective order, seeking to prevent Winner from taking a corporate designee's deposition regarding venue. On July 12, 2024, Winner filed a motion to compel Progressive to produce a corporate designee for deposition, arguing the court's rule to show cause allowed discovery on the issue of venue. On July 24, 2024, Progressive again filed a motion for protective order. Winner

subsequently filed a response in opposition to Progressive's motion for a protective order. In compliance with the rule to show cause, both parties filed supplemental briefs regarding the preliminary objections.

On August 5, 2024, Judge Susan I. Shulman entered an order sustaining in part and overruling in part the preliminary objections of Burke and Haeflein. Specifically, Judge Shulman sustained the preliminary objection as to Count 1, bad faith, and dismissed that count as to Burke and Haeflein. However, Judge Shulman overruled the preliminary objection as to Count II, violation of the UTPCPL, and ordered Burke and Haeflein to file an answer to the complaint.

Separately, on August 14, 2024, despite Judge Schulman's order overruling Burke and Haeflin's preliminary objections to Count II, Judge Gwendolyn N. Bright surprisingly entered an order sustaining Progressive's preliminary objections and dismissed Count II of the complaint entirely. Further, Judge Bright transferred the remaining claims against Progressive to the Court of Common Pleas of Chester County. On the same day, Judge Bright entered an order marking Winner's motion to compel as moot, and setting a discovery deadline. This timely appeal followed.

Winner raises the following issues on appeal:

I. The trial court committed reversible error when it enforced a forum selection clause and transferred venue to Chester County because the forum selection clause is ambiguous at best and should be construed in favor of the insured

II. The trial court [] committed reversible error in transferring venue to Chester County because [Winner]'s complaint includes extracontractual claims of bad faith and violation of the UTPCPL which are not bound to the terms of the forum selection clause which is only applicable to UM/UIM claims

III. The trial court committed reversible error in sustaining Defendant's preliminary objections and dismissing [Winner]'s UTPCPL claims against Defendant Progressive because this claim is legally and factually sufficient and two separate judges have entered orders upholding this claim

   a. [Winner]'s UTPCPL claim against [P]rogressive is legally and factually sufficient according to precedential case law

   b. The trial court violated the law of the case doctrine when it disregarded the prior orders of Hon. Kelly Brisbon Hodge and Hon. Susan I. Shulman which dismissed Defendants' preliminary objections to strike the UTPCPL claim as to Progressive, Burke, and Haeflein

   c. The trial court committed reversible error in dismissing [Winner]'s UTPCPL claims while simultaneously transferring venue to Chester County because the trial court should have left all substantive issues for the Chester County Court of Common Pleas to consider

Appellant's Brief, at i-ii.[1]

Preliminarily, we must determine whether this appeal is properly before us, as "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *See Estate of Considine v. Wachovia*

_____

[1] We note Winner's argument section in his brief is not divided "into as many parts as there are questions to be argued" in his statement of issues presented in the beginning of his appellate brief. Pa.R.A.P. 2119(a). However, while the presentation of his issues differs slightly, we find the substance of the issues remains the same. Accordingly, we shall address Winner's issues as they are presented in the argument section of his brief.

***Bank,*** 966 A.2d 1148, 1151 (Pa. Super. 2009) (citation omitted). "[T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable." ***Id.*** (citation omitted). It is well-settled that "[a]n appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." ***In re Estate of Cella,*** 12 A.3d 374, 377 (Pa. Super. 2010) (citations and quotation marks omitted).

Here, the order from which Winner appeals is not a final order, as some of his claims remain pending against at least one party. ***See*** Pa.R.A.P. 341 (defining "final order" as one that "disposes of all claims and of all parties"). Moreover, we observe the order in question was not certified as a final order in accordance with Pa.R.A.P. 341(c), nor did Winner seek permission to appeal the order pursuant to Pa.R.A.P. 312.

Under Pa.R.A.P. 311, interlocutory appeals may be taken as of right from certain enumerated orders. Under the rule, an appeal may be taken as of right from an order in a civil action or proceeding changing venue or transferring the matter to another court of coordinate jurisdiction. ***See*** Pa.R.A.P. 311(b)(2)(c). As the order appealed from changed venue and transferred this matter to Chester County, a court of coordinate jurisdiction, we find this interlocutory appeal may be taken as of right. We now proceed to address the merits of Winner's issues.

> When reviewing an order sustaining preliminary objections, our standard of review is de novo and our scope of review is plenary.

On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the plaintiff's complaint and all reasonable inferences which may be drawn from those facts. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

*Dixon v. Northwestern Mutual*, 146 A.3d 780, 783 (Pa. Super. 2016) (citations, brackets, and internal quotation marks omitted).

In his first issue, Winner argues the trial court erred when it enforced the forum selection clause and transferred venue to Chester County because the forum selection clause is ambiguous.

Our standard of review of the enforceability of an insurance policy provision is well settled:

As the interpretation of an insurance contract is a question of law, our standard of review is *de novo*; thus, we need not defer to the findings of the lower tribunals. Our scope of review, to the extent necessary to resolve the legal question before us, is plenary.

When the language of the insurance contract is clear and unambiguous, a court is required to give effect to that language.

*O'Hara v. First Liberty Ins. Corp.*, 984 A.2d 938, 940 (Pa. Super. 2009) (citations, brackets, and quotation marks omitted). Additionally:

In interpreting the terms of an insurance contract, we examine the contract in its entirety, giving all of the provisions their proper effect. Our goal is to determine the intent of the parties as exhibited by the contract provisions. In furtherance of our goal, we must accord the contract provisions their accepted meanings, and we cannot distort the plain meaning of the language to find an ambiguity. Moreover, we will not find a particular provision ambiguous simply because the parties disagree on the proper construction; if possible, we will read the provision to avoid an ambiguity.

***Burton v. Republic Ins. Co.***, 845 A.2d 889, 893 (Pa. Super. 2004) (citations omitted).

> The forum selection clause in the insurance policy at issue states:
>
> Any action brought against us pursuant to coverage under Part III—Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county.

Progressive Pennsylvania Auto Policy, Part VII General Provisions, at 30.

Winner contends the above policy language is ambiguous because there are several ways in which this language can reasonably be interpreted. Specifically, Winner argues the clause is capable of two different meanings – that the action must be brought in the county (1) in which he lived at the time of the filing of the action, or (2) in which he resided during the date of the accident or during the policy period.

The trial court relied on this Court's holding in ***Van Divner v. Sweger***, 257 A.3d 1254 (Pa. Super. 2021), in which a panel of this Court considered the exact language of the policy at issue here. There, the Court found the use of the present tense "must be brought" matched the present tense "in the county in which the person seeking benefits resides." ***Id.*** at 1259. Accordingly, the ***Van Divner*** Court determined the language was clear, unambiguous, and enforceable as written because "the forum selection clause clearly ties the relevant time of residency to the time one brings the action, as it provides simply and plainly that an action must be brought in the county where one

resides." ***Id.*** We are bound by this holding. ***See Commonwealth v. May***, 271 A.3d 475, 482 (Pa. Super. 2022) (noting Superior Court panel is bound by existing precedent).

While Winner's argument may be compelling, he simply makes no new legal argument for overruling ***Van Divner***. Further, "[i]t is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." ***Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006). Therefore, because this Court's decision in ***Van Divner*** remains binding precedent, the trial court did not err in enforcing the forum selection clause. Winner's first issue is without merit.

In his second issue, Winner again challenges the trial court's enforcement of the forum selection clause. However, he argues alternatively that the trial court erred in transferring venue of all of his claims when his complaint includes extracontractual claims of bad faith and violation of the UTPCPL that are not bound to the terms of the forum selection clause, which is only applicable to UM/UIM claims.

Winner's entire argument in this regard relies on his suggestion that this Court apply the reasoning used in ***Cid v. Erie Insurance Group***, 3041 EDA 2015, 2016 WL 6125669 (Pa. Super. filed Oct. 20, 2016) (unpublished memorandum), in which this court emphasized prior holdings that held that "bad faith claims are neither related to nor dependent on the underlying

contract claim against the insurer, and an insured is not required to wait until the merits of the contract claim are decided to file suit for bad faith." **See id.** at *4 (internal quotation marks, brackets, and citations omitted). However, while some unpublished non-precedential decisions of the Superior Court may now be cited for their persuasive value, pursuant to Pa.R.A.P. 126(b), this rule only applies to decision filed after May 1, 2019. Accordingly, we do not find **Cid** applicable here.

In supporting its decision to sustain Progressive's preliminary objections and transfer the entire case to Chester County, the trial court opined "but for the UIM claim … the bad faith claim in this matter would not exist." Trial Court Opinion, 11/15/24, at 7. While we do not agree with this statement, we find the transfer of all claims in the complaint was proper on a different basis.

In the complaint, aside from one count seeking UIM benefits, Winner alleged bad faith and unfair trade practices grounded, in part, in the averment that Progressive, through certain of its insurance adjusters, engaged in conduct to meddle in settlement negotiations between Winner and a third-party so that UIM coverage through Progressive would not be triggered in the first place.

The forum selection clause in the insurance policy at issue provides that "*[a]ny* action brought against us *pursuant to coverage under Part III—* Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides …." Progressive Pennsylvania Auto

Policy, Part VII General Provisions, at 30. Winner's contract and tort actions in the complaint fall within this provision, because they hinge on the fact that Winner should be covered under Part III of the insurance policy, and that Progressive, through its adjusters, actively worked to not cover him pursuant to Part III. Given the direct relationship between Winner's UIM claim and tort claims, he should litigate his tort claims in the same forum and same proceeding as his UIM claim.

Accordingly, we conclude the trial court did not err in sustaining Progressive's preliminary objection as to transfer of venue on all claims.

In his third issue, Winner argues the trial court erred in sustaining Progressive's preliminary objections and dismissing Winner's UTPCPL claims. Winner provides three reasons to support his argument: (1) the UTPCPL claim is legally and factually sufficient, (2) the trial court violated the law of the case doctrine by disregarding prior orders regarding the UTPCPL claims, and (3) the trial court erred in dismissing his substantive UTPCPL claims while simultaneously transferring venue to another county due to lack of jurisdiction.

We acknowledge that, in its opinion, the trial court agrees its order dismissing the UTPCPL claim is in error and asks this Court to vacate the order and remand as to the UTPCPL claim only. **See** Trial Court Opinion, 11/15/24, at 8 (stating claims under the UTPCPL against insurance adjusters are colorable under Pennsylvania law and that Winner's claims go beyond just

nonfeasance and there's a plausibility Burke's conduct rises to the level of malfeasance, which raises a cause of action under the UTPCPL).

In response, Defendants rely exclusively on the proposition that the UTPCPL does not apply to insurance companies with respect to claims mishandling conduct. *See Ciavarella v. Erie Ins. Exch.*, 2023 WL 8111855 (Pa. Super. Nov. 22, 2023); *Wenk v. State Farm Fire & Casualty Company,* 228 A.3d 540 (Pa. Super. 2020). However, we note a UIM claim on Winner's behalf in relation to the May 27, 2021, accident was never investigated or processed by Defendants. Accordingly, unlike how Defendants have framed Winner's UTPCPL claim, there was no insurance claim that could have been mishandled. Instead, Winner contends Burke interfered in the settlement negotiations between Winner and a third-party, in a separate personal injury action, to shield Progressive from a potential UIM claim.

It appears this case presents unique factual circumstances that have not been presented in another case. The parties do not cite to a single case in which a court has addressed a claim against an insurance adjuster who intentionally interfered with a policyholder's settlement negotiations in a lawsuit with a third party, or any similar factual scenario. Therefore, we agree with the trial court that the dismissal of the UTPCPL claim was in error and we will remand the UTPCPL claim to the trial court.

Additionally, after careful review of the record, we conclude the trial court lacked jurisdiction to rule on the preliminary objection at issue in the

first place. We may raise the issue of jurisdiction *sua sponte*. **See Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa. Super. 2000).

Our Commonwealth Court has repeatedly held that "when a trial court grants a change of venue through preliminary objections, it is without further authority to decide any remaining preliminary objections." **Bradley v. O'Donoghue**, 823 A.2d 1038, 1042 (Pa. Cmwlth. Ct. 2003); **see also** Appellee's Brief, at 37 (conceding that "[u]nder Pennsylvania law, 'once the trial court determines that venue is improper and transfers the case to a court with proper venue, it lacks authority to rule on any remaining preliminary objections.'") (citation omitted).

Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority. **See Petow v. Warehime**, 996 A.2d 1083, 1088 n. 1 (Pa. Super. 2010) (noting decisions of the Commonwealth Court may provide persuasive authority and that "we may turn to our colleagues on the Commonwealth Court for guidance when appropriate.").

Based on the above persuasive reasoning, we find the trial court erred in considering the merits of Progressive's non-venue related preliminary objections. We are not persuaded by Progressive's argument that even though the trial court's rulings were in the same order, the ruling on the non-venue related objections was somehow proper because the sentence ruling on the UTPCPL claim came before the sentence ruling on venue. The format of the

order simply does not affect the jurisdictional issue here, where the court was ruling that it lacked jurisdiction over the matter before it.

Accordingly, we vacate the trial court's order of August 14, 2024, to the extent it ruled on any non-venue related preliminary objections. We remand to the Chester County Court of Common Pleas for further proceedings, including consideration of any non-venue related preliminary objections.

Order vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2025