J-S40019-25

J-S40020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THE FARMERS FIRE INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| S.W. KRAUSS, LLC, STEVEN KRAUSS, GREG GIAFFES, AMATEUR CREATIONS, INC., PAUL BIDWELL, AND MALIKA BELL | : | No. 731 MDA 2025 |
| | : | |
| APPEAL OF: MALIKA BELL | : | |

Appeal from the Order Entered May 12, 2025
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2023-05087

| | | |
|---|---|---|
| THE FARMERS FIRE INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| S.W. KRAUSS, LLC AND STEVEN KRAUSS | : | No. 736 MDA 2025 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered May 12, 2025
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2023-CV-5087

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JANUARY 08, 2026**

J-S40019-25

J-S40020-25

Malika Bell and S.W. Krauss LLC and Steven Krauss ("Insured Appellants") appeal from the order of the Court of Common Pleas of Lackawanna County which granted the motion for judgment on the pleadings filed by The Farmers Fire Insurance Company's ("Farmers Insurance"). This case involves Farmer Insurance's declaratory judgment action seeking a declaration that it had no duty to defend S.W. Krauss, Krauss, and Greg Giaffes ("Insured Defendants") in Bell's underlying action.[1] Bell and Insured Appellants argue that the trial court erred in granting the motion for judgment on the pleadings because the assault and battery exclusion in the policy does not preclude coverage and because Bell and Insured Defendants' affirmative defenses, asserted in their new matters, created factual disputes.[2] We affirm.[3]

Farmers Insurance provided a defense, with a full and complete reservation of rights, for Insured Defendants in the underlying action brought against them by Bell in which she sought compensation for injuries sustained

_____

[1] Krauss and Giaffes are the two members/owners of S.W. Krauss. Giaffes was a defendant below but did not join S.W. Krauss and Krauss's appeal. Thus, throughout the memorandum we refer to S.W. Krauss, Krauss, and Giaffes collectively as Insured Defendants and S.W. Krauss and Krauss as Insured Appellants.

[2] As we find both appeals involve identical questions of law and fact arising out of the same incident, we have consolidated them *sua sponte* for review.

[3] We deny Farmers Insurance's application to dismiss Insured Appellants' appeal at Docket No. 736 MDA 2025 because we take no issue with Insured Appellants joining Bell's brief where the appeals have been consolidated for review. **See** Pa.R.A.P. 2137.

- 2 -

on January 1, 2023, while a patron of Club VIP, which is owned and operated by S.W. Krauss. Bell alleged that she was tragically struck in the head with a bullet after gunfire was exchanged during an altercation between unidentified individuals in the parking lot of the property.[4] Bell's complaint raised one count of negligence against Insured Defendants.[5]

On December 1, 2023, Farmers Insurance filed a declaratory judgment complaint against Bell and Insured Defendants in which it sought a declaration that, under the terms of the commercial liability policy issued to S.W. Krauss (specifically the assault and battery exclusion), it did not have a duty to continue to defend and indemnify Insured Defendants with respect to Bell's claims.[6]

---

[4] A second business, Diamond Club, and a parking lot are on the same property as Club VIP. The entire property is owned and operated by S.W. Krauss and covered under the insurance policy.

[5] Bell alleged that Insured Defendants were negligent in the following ways: failing to maintain the premises in a safe condition; failing to adequately control access to the premises; operating the businesses in excess of the legal closing hours; encouraging and/or failing to prevent individuals from remaining on the premises after the businesses had closed for the night; failing to establish and/or implement a reasonable security plan for the premises; failing to properly train employees on appropriate security measures and protocols; failing to provide adequate security personnel and/or security measures at the property; and allowing a dangerous condition to exist on the property. Complaint, 4/14/23, at ¶¶ 49(a)-(p).

[6] Initially, Amateur Creations, Inc. and Paul Bidwell were also named defendants. However, "Default Judgment was entered against . . . Paul Bidwell and Amateur Creations, Inc. on June 3, 2024." Trial Court Opinion, 5/12/25, at 1 n.1.

On December 30, 2023, Bell filed an answer and new matter raising affirmative defenses to Farmers Insurance's declaratory judgment complaint. Farmers Insurance filed a reply in which each response was substantially the same statement that Bell's allegations in her new matter were legal conclusions. Thereafter, Insured Defendants filed an answer and new matter that contained identical allegations as those raised in Bell's new matter. Farmers Insurance filed an identical response to Insured Defendant's new matter.

On July 26, 2024, Farmers Insurance filed its motion for judgment on the pleadings, and supporting brief, arguing that the policy's assault and battery exclusion precludes coverage to Insured Defendants for Bell's negligence allegations. Bell filed a response and brief in opposition, which Insured Defendants joined, arguing first that the assault and battery exclusion did not preclude coverage because Bell's allegations concerned premises liability and second that factual issues remained because Farmers Insurance failed to properly deny certain defenses raised by Bell and Insured Defendants in their new matters. Oral argument was held on February 6, 2025. On May 12, 2025, the trial court issued an order and opinion granting Farmers Insurance's motion for judgment on the pleadings.

Bell and Insured Appellants timely appealed and filed a court ordered concise statement of errors complained of on appeal. The trial court filed a one-page opinion relying on and incorporating its May 12, 2025 opinion.

Bell and Insured Appellants raise the following issues on appeal.

1. Whether the trial court erred by granting Farmers Insurance's motion for judgment on the pleadings where the assault and battery exclusion in the policy does not apply to, and does not preclude coverage for, the claims asserted in the underlying action?

2. Whether the trial court erred by granting Farmers Insurance's motion for judgment on the pleadings where [Farmers Insurance] failed to properly deny Defendant Malika Bell's affirmative defenses and factual disputes remain?

Appellants' Brief, at 3 (unnecessary capitalization omitted).

Our standard of review for a grant of a motion for judgment on the pleadings is well established and requires us to determine whether, on the facts alleged, the law makes a recovery possible. *Wunderly v. Saint Luke's Hospital of Bethlehem*, 345 A.3d 692, 701 (Pa. 2025). Furthermore,

Our standard of review of a ruling on a motion for judgment on the pleadings is *de novo*, and our scope of review is plenary. *See SpiriTrust Lutheran v. Wagman Constr., Inc.*, 314 A.3d 894, 904 (Pa. Super. 2024). A motion for judgment on the pleadings is similar to a demurrer. *See Washabaugh v. Gaudenzia, Inc.*, 316 A.3d 1008, 1011 (Pa. Super. 2024). "Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary." *Five Star Bank v. Chipego*, 312 A.3d 910, 918 (Pa. Super. 2024) (citation omitted).

*Boyle v. Meyer*, 344 A.3d 839, 844 (Pa. Super. 2025). Moreover,

As the interpretation of an insurance contract is a question of law, our standard of review is *de novo*; thus, we need not defer to the findings of the lower tribunals. Our scope of review, to the extent necessary to resolve the legal question before us, is plenary.

*Van Divner v. Sweger*, 257 A.3d 1254, 1257 (Pa. Super. 2021) (citation omitted).

"Insurance policies are contracts, and the rules of contract interpretation provide that the mutual intention of the parties at the time they formed the contract governs its interpretation. Such intent is to be inferred from the written provisions of the contract." ***Adamitis v. Erie Ins. Exch.***, 54 A.3d 371, 379 (Pa. Super. 2012) (citation omitted). "If policy terms are clear and unambiguous, then we will give those terms their plain and ordinary meaning, unless they violate a clearly established public policy." ***Kurach v. Truck Ins. Exch.***, 235 A.3d 1106, 1116 (Pa. 2020) (citation omitted).

The interpretation of the insurance policy dictates whether the insurer has a duty to defend. "Pennsylvania recognizes that a duty to defend is broader than the duty to indemnify." ***Penn-Am. Ins. Co. v. Peccadillos, Inc.***, 27 A.3d 259, 265 (Pa. Super. 2011) (*en banc*) (internal quotation marks and citation omitted). "The language of the policy and the allegations of the complaint must be construed together to determine the insurers' obligation." ***Donegal Mut. Ins. Co. v. Baumhammers***, 938 A.2d 286, 290 (Pa. 2007) (brackets and citation omitted). "However, the particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered." ***Mut. Benefit Ins. Co. v. Haver***, 725 A.2d 743, 745 (Pa. 1999). "Instead[,] it is necessary to look at the factual allegations contained in the complaint." ***Id.*** (citations omitted). "Therefore, a carrier's duties to defend and indemnify an insured in a suit brought by a third party depend upon a determination of whether the third party's complaint triggers coverage."

**Baumhammers**, 938 A.2d at 290-91 (internal quotation marks and citation omitted).

At issue in this case is the policy's assault and battery exclusion.

**ASSAULT & BATTERY EXCLUSION**

For a premium credit, the following exclusion is made a part of your policy.

The Commercial Liability Coverage is amended as follows:
The following is added to Exclusions That Apply To All Coverages:

We do not pay for "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of any assault, battery, fight, altercation, misconduct or other similar incident or act of violence, whether caused by or at the instigation of, or at the direction of an insured, and insured's employees, customers, patrons, guests **or any cause whatsoever, including but not limited to claims of negligence or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons or guests or negligence in failing to protect employees, customers, patrons or guests**.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Complaint, at ¶ 26 (emphasis added).

In arguing over whether the assault and battery exclusion precludes coverage, the parties disagree over how to classify the legal claim brought in Bell's underlying complaint. Bell and Insured Appellants argue that Bell has pled a claim for negligence and premises liability that is not excluded by the policy. **See** Appellants' Brief, at 22-34. Conversely, Farmers Insurance argues that any negligence alleged by Bell is still excluded by the policy because it arose out of an act of violence. **See** Appellee's Brief, at 8-9. In support of their positions both parties analogize and distinguish the instant case from **QBE**

***Ins. Corp. v. M&S Landis Corp.***, 915 A.2d 1222 (Pa. Super. 2007) and ***QBE***

***Ins. Corp. v. Walters***, 148 A.3d 785 (Pa. Super. 2016). Specifically, Bell and

Insured Appellants argue that the instant case is analogous to ***Landis*** while

Farmers Insurance argues that the instant case is analogous to ***Walters***.

In ***Landis***, QBE Insurance Corp. ("QBE") sought a declaration that it

owed no duty to defend a nightclub or its insureds in a wrongful death suit

where a bouncer laid on top of a patron and smothered him to death. ***See***

***M&S Landis Corp.***, 915 A.2d at 1224. Notably, the underlying complaint

alleged that the death was the "direct and proximate result of the negligence

and carelessness" of the nightclub and its agents, asserting that the nightclub

and its agents "improperly restrained [the decedent], failed to properly train

and supervise its staff, failed to adequately staff the nightclub, failed to

recognize that [the decedent] posed no risk, and failed to render first aid." ***Id.***

The trial court granted QBE's motion for summary judgment concluding that

the alleged conduct was excluded from coverage based upon the policy's

assault and battery exclusion. ***See id.*** However, this Court reversed.

We reasoned that the underlying complaint did not seek recovery for

assault and battery but rather sought relief for the nightclub's negligence

based on a litany of allegations such as failing to properly train its staff. ***See***

***id.*** at 1228-29. Those allegations of the nightclub's negligence directly led to

the decedent's death. ***See id.*** at 1229. "Thus, as alleged in the underlying

complaint, [the decedent's] 'bodily injury' did not 'arise from' an assault and

battery, but, rather, arose from the alleged negligence of [the nightclub]." *Id.* (brackets omitted).

In *Walters*, QBE sought a declaration that it had no duty to defend the Jazzland Bar in an underlying suit where a patron was shot and injured by another patron outside the bar. *See Walters*, 148 A.3d at 786. The plaintiff's underlying suit alleged that Jazzland Bar was negligent for failing to ensure his safety, failing to undertake adequate safety precautions, and failure to train its employees. *See id.* at 787. Based on the assault and battery exclusion, the trial court granted QBE's motion for summary judgment and this Court affirmed. *See id.*

The *Walters* Court found that *Landis* was not determinative because the assault and battery exclusion in *Landis* was "abbreviated" while the assault and battery exclusion in *Walters* was "comprehensive and expansive." *Id.* at 791. Specifically,

> [The assault and battery exclusion] defines an insured's failure to prevent or suppress an assault or battery as an "assault and battery." In addition, the exclusion explicitly encompasses the negligent employment, investigation, supervision, training, and retention of "a person for whom any insured is or ever was legally responsible and whose conduct is described" as "actual or threatened assault or battery whether caused by or at the instigation of any insured, his "employees," patrons or any other persons." Thus, as defined by the terms of the policy, "assault and battery" includes negligent conduct on the part of the insured or its employees that directly harms another person, whether through negligent failure to prevent an assault, negligence related to an actual or threatened assault, or negligence resulting in battery. **Essentially, the policy places negligent conduct contributing to an assault and battery under the "arising**

- 9 -

> **from" umbrella enunciated in _Landis_**. Hence, such conduct is excluded from coverage.

_Id._ (record citation omitted; emphasis added).

We agree with Farmers Insurance that, similar to **_Walters_**, the instant case contains a "comprehensive and expansive" assault and battery exclusion. Here, the assault and battery exclusion broadly excludes coverage for "bodily injury . . . arising out of . . . any act of violence." This applies for "any cause whatsoever, including but not limited to" various claims of negligence. "Construed strictly against the insurer, 'arising out of' means causally connected with, not proximately caused by." **_Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co._**, 704 A.2d 665, 669 (Pa. Super. 1997) (brackets and citations omitted). Thus, "the phrase 'arising out of,' has been equated with 'but for' causation." **_Id._** (brackets and citation omitted). Sadly, Bell was shot in the head during an altercation between unidentified individuals. The assault and battery exclusion clearly states that such an incident, albeit horrible, is excluded from coverage regardless of causation. To the extent that Bell alleges that Insured Defendants' negligence contributed to the incident, such claims of negligence are also excluded by the policy since they "aris[e] out of" an "act of violence." **_See Walters_**, 148 A.3d at 791. Therefore, the allegations raised by Bell are excluded from coverage.

Next, Bell and Insured Appellants argue that the trial court erred in granting Farmers Insurance's motion for judgment on the pleadings because a dispute of material facts was present based on the affirmative defenses

raised in their new matters. Specifically, Bell and Insured Appellants rely on the following paragraphs in their new matters:

> 35. The Assault and Battery Exclusion in the Policy was not in full force and effect at the time of the incident which forms the basis of the Underlying Action.
>
> 36. There was no consideration for the inclusion of the Assault and Battery Exclusion in the Policy.
>
> 37. Plaintiff failed to comply with the requirements for reservation of rights.

Answer and New Matter, 12/20/23, at ¶¶ 35-37.

Farmers Insurance argues that the affirmative defenses raised were completely devoid of any supporting facts, and thus, did not create a dispute of material facts. ***See*** Appellee's Brief, at 26-27.

We agree with Farmers Insurance. An affirmative defense raised in a new matter that is merely a legal conclusion without factual support does not create a dispute of material facts to preclude judgment on the pleadings. ***See Am. Rock Mechanics, Inc. v. N. Abbonizio Contractors, Inc.***, 887 A.2d 322, 324 (Pa. Super. 2005) ("Because Contractors here failed to develop their defense beyond a legal conclusion, their assertion of a right to set-off does not preclude entry of judgment on the pleadings[.]"); ***see also Bowman v. Mattei***, 455 A.2d 714, 716 (Pa. Super. 1983) ("It is axiomatic, . . . that new matter must state facts, not conclusions.") (citations omitted). Bell and Insured Defendants' new matters contain no factual allegations for which

Farmers Insurance's denial would create an issue of material facts to preclude judgment on the pleadings.

Therefore, because under the assault and battery exclusion Farmers Insurance had no duty to defend Insured Defendants in Bell's underlying action, and Bell and Insured Defendants new matters only made legal conclusions that did not create issues of material facts, we affirm.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/08/2026